## JAMES E. SHEPARD *vs.* CITY OF LAWRENCE.

Essex.   Nov. 6, 1885. — April 9, 1886.   FIELD & DEVENS, JJ., absent.

The Pub. Sts. *c*. 32, § 12, provide that the clerk of each city or town shall receive from the city or town certain fees for recording marriages and deaths, and that a city or town containing a certain number of inhabitants " may limit the aggregate compensation " allowed to the clerk.   The city council of a city containing the number of inhabitants specified passed a resolution making the salary of the clerk a stated sum, and providing that he should " account for all moneys received in his official capacity." *Held*, that the clerk was not entitled to the fees above mentioned in addition to his salary.

The fees received by the clerk of a city for licensing dogs, under the Pub. Sts. *c*. 102, § 84, allowing him to retain to his own use a certain sum for each license issued, the balance to be paid into the treasury of the county, are not received in his " official capacity," within the meaning of a resolution of the city council fixing his salary at a stated sum, and providing that he shall account for all moneys received in such capacity.

Where the declaration in an action of contract contains two counts, on one of which judgment is entered for the plaintiff and on the other for the defendant, *it seems* that an appeal by one party only does not reopen the judgment rendered in his favor.

W. ALLEN, J.   The plaintiff was city clerk of the defendant city for a series of years, and brings this action of contract to

recover the amount allowed to him by statute for recording marriages and deaths during that time. During the whole time he had a fixed salary as city clerk, under a resolution of the city council containing the provision that he should " account for all moneys received in his official capacity."

It has always been the official duty of town and city clerks to record deaths and marriages. The records are town or city records, and are evidence in legal proceedings of the facts recorded, and the certificate of the clerk is evidence of the record. The specified fees are to be paid to the clerk by the town or city, with the proviso, that " a city or town containing more than ten thousand inhabitants may limit the aggregate compensation allowed to their clerk." Pub. Sts. c. 32, §§ 11, 12. St. 1795, c. 69. Fees received for these services are received in an official capacity, and form part of the aggregate compensation which may be limited under the statute.

The contention of the plaintiff, that the statute intends that the aggregate of fees only shall be limited, cannot be sustained. The statute clearly authorizes a fixed salary which shall include official fees which the town or city is required by the statute to pay.

The defendant has filed a declaration in set-off to recover the amount retained by the plaintiff from moneys paid for licenses for dogs. The statute requires that every dog shall be annually registered and licensed in the office of the clerk of the city or town where it is kept, and a fee paid therefor. The clerks of cities and towns are required to issue licenses, and receive the money therefor, and pay the same into the treasury of the county, " retaining to their own use twenty cents for each license." Pub. Sts. c. 102, §§ 80–84. The plaintiff issued many licenses, and has not accounted to the defendant for his fees retained.

The licenses were not granted by the city, and the license fees belonged to the county, and the plaintiff, in collecting and paying them over, acted for the county rather than for the defendant. The city clerk was designated, _eo nomine_, to perform certain public duties created by the statute, which did not concern the city, and which did not intrinsically or historically pertain to the office of city clerk. We think that the compensation

provided for him by the statute for these services cannot be deemed money received in his official capacity, within the meaning of the resolutions of the city council fixing his salary as city clerk. That it was not intended to include the fees in question is apparent from the conduct of the parties. The plaintiff was reëlected for successive years, and the same language was used in all the successive resolutions fixing his salary, though he never accounted for these fees; and it was not until the close of seven successive years of service that any claim was made by the defendant that he should account for them.

Both parties have assumed that the appeal opened the whole case, and we have considered all the questions argued by counsel. But it would seem that the appeal by the defendant did not bring before us for revision those counts upon which the judgment was in its favor. *Vinal* v. *Spofford*, 139 Mass. 126. *Smith* v. *Dickinson*, 140 Mass. 171. *Judgment affirmed.*

*A. C. Stone*, for the defendant.

*C. A. De Courcy*, for the plaintiff.