CHARLES RUND *vs.* JOSEPH H. BLATT & another.

Suffolk.    January 13, 1898. — March 4, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Attachment of Mortgaged Property — Conversion — Measure of Damages.*

Where personal property subject to a mortgage is attached on a writ against the mortgagor, and, after the proceedings prescribed by Pub. Sts. c. 161, § 79, the attaching creditor is directed to pay the amount due on the mortgage to the mortgagee within a given time, if this amount is not paid or tendered by the creditor or the officer, who sells the property as perishable for less than its value and less than the amount due under the mortgage, the officer is liable for conversion of the property, and the measure of damages is its full value.

TORT, by the mortgagee of personal property, against Joseph H. Blatt and Christian Zahner, for the conversion of the property, which was attached by Blatt, a constable, on a writ against the mortgagor. Zahner was defaulted. Trial in the Superior Court, without a jury, before *Sheldon*, J., who found for the plaintiff; and the defendant Blatt alleged exceptions. The facts appear in the opinion.

*J. W. Corcoran & W. B. Sullivan,* ( *W. M. Blatt* with them,) for the defendant Blatt.

*F. L. Norton & G. W. Cox,* for the plaintiff.

KNOWLTON, J.   The defendant Blatt, who alone defends, was a constable of the city of Boston. In his official capacity he attached personal property on a writ against one Mader, which was mortgaged to the plaintiff. In the same writ the plaintiff

was summoned as trustee. An examination was had under the Pub. Sts. c. 161, § 79, the mortgage was found to be valid, the amount due upon it was ascertained, and the attaching creditor was directed to pay the same to the plaintiff within seven days. This amount was not at any time paid or tendered by the defendant or the attaching creditor. Soon after the attachment the defendant sold the goods as perishable property, assuming to act under Pub. Sts. c. 161, §§ 90, 91, and 93.

Two questions are presented by the defendant's exceptions: first, Is the defendant liable for conversion of the goods? secondly, If he is, are the damages recoverable to be limited by the amount of the proceeds of the sale made by the defendant, that amount being less than the value of the property, and less than the amount due the plaintiff under his mortgage?

Section 80 of this chapter provides, when the amount due on a mortgage has been ascertained, as in the present case, that, "if the attaching creditor does not pay or tender the sum within the time prescribed, the attachment shall be void and the property shall be restored." Section 75, referring to the amount properly demanded by a mortgagee when an attachment of mortgaged personal property is made without summoning the mortgagee as trustee, says that "if the same is not paid or tendered to him within ten days thereafter, the attachment shall be dissolved and the property shall be restored to him; and the attaching creditor shall, moreover, be liable to him for any damages he has sustained by the attachment."

These sections make it plain that, when such property is attached, the rights of the mortgagee are fully protected. The property cannot be held, nor his security in any way be impaired, unless his debt is paid by the officer or the attaching creditor. The rule applicable to the present case was stated in *Hanly* v. *Davis*, 166 Mass. 1, in these words: " The attachment having been dissolved in this case by the failure of the officer to comply with the terms of the statute, he became a trespasser *ab initio,* his holding was wrongful, and the plaintiff became entitled to the full value of the property as a substitute for the goods which were unlawfully taken from him." Such a sale as the officer made in this case was held, in *McDonald* v. *Faulkner,* 154 Mass. 34, to be of no effect as against a mortga-

gee whose debt is not paid.   Assuming that it properly may be made if the attachment is preserved by the payment of the amount due to the mortgagee, it is subject to the peremptory provision that, if the payment is not made, the attachment shall be void and the property shall be restored.   See *McDonald* v. *Faulkner*, 154 Mass. 34; *Jackson* v. *Colcord*, 114 Mass. 60; *Porter* v. *Warren*, 119 Mass. 535.              *Exceptions overruled.*