WILLIAM KINGSLEY *vs.* CHARLES G. DELANO, executor.

Hampshire.　　September 20, 1898. — September 22, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Appeal from Judgment of a District Court.*

A plaintiff can appeal to the Superior Court from the judgment of a district court in his favor, if the judgment is less than the amount claimed in the declaration.

CONTRACT, upon an account annexed, against the executor of the will of Henry B. Graves. After the former decision, the defendant filed a motion in arrest of judgment, which was overruled in the Superior Court; and he appealed to this court.

*C. G. Delano*, pro se.

*J. B. O'Donnell*, for the plaintiff.

FIELD, C. J. This case has once before been considered by this court on exceptions, and is reported in 169 Mass. 285. After the decision there reported, the plaintiff elected to remit $20, the price of the mare, and the defendant then filed a motion in arrest of judgment, which was overruled, and he appealed to this court. The action was begun in the District Court of Hampshire, and the declaration contained a single count, being on an account annexed. Judgment was rendered in that court for the plaintiff for $3 damages and the costs of suit. The plaintiff's claim was for $146.60 and interest. From this judgment the plaintiff appealed to the Superior Court, and the case was there tried, and the jury returned a verdict in favor of the plaintiff for $151.45.

The defendant now contends that, as the judgment of the

District Court was in favor of the plaintiff, although for a smaller sum than he claimed was due him, the plaintiff could not appeal to the Superior Court. St. 1893, c. 396, § 24, is as follows: "A party aggrieved by the judgment of a district or police court in a civil action may within twenty-four hours after the entry of the judgment appeal therefrom to the Superior Court then next to be held in the county; in which case no execution shall issue on the judgment appealed from, and the case shall be entered, tried, and determined in the court appealed to, in like manner as if it had been originally commenced there." See Pub. Sts. c. 154, § 39; c. 155, § 28; Gen. Sts. c. 120, § 25; c. 116, § 32; Rev. Sts. c. 85, § 13; c. 87, § 36; St. 1783, c. 42, § 6.

The Pub. Sts. c. 198, § 4, distinctly imply that a plaintiff may appeal from a judgment of a police, district, or municipal court, or of a trial justice, in his favor, and make provision concerning costs in such a case. That a plaintiff can appeal from a judgment of a district court in his favor was in effect decided or taken for granted in *Folsom* v. *Cornell*, 150 Mass. 115. Such always has been the practice. The cases cited by the defendant relate to appeals in cases where there are more than one count or more than one issue, and the appellant has prevailed on some of the counts or issues, and the adverse party has prevailed on others. *Vinal* v. *Spofford*, 139 Mass. 126. *Smith* v. *Dickinson*, 140 Mass. 171. *Shepard* v. *Lawrence*, 141 Mass. 479. A plaintiff is aggrieved by a judgment in his favor, if it is not rendered for all he claimed in his declaration.

The order overruling the motion in arrest of judgment must be, *Affirmed.*