CHARLES N. MUNROE *vs.* EDWARD A. CARLISLE & others.

Suffolk.   March 21, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Personal Injuries — Liability of Lessor during Term — Judgment against one Joint Tortfeasor a Discontinuance as to others.*

The lessor of a building, which the lessee has covenanted in writing to keep and put in repair, is not liable to a person who, during the term and more than three years after the lessee has taken possession under the lease, while walking on the sidewalk in front of the building is injured by the fall of a piece of the capstone from one of the windows thereof.

Taking judgment against less than all of the defendants in an action of tort is a discontinuance as to the others.

TORT, against Charles C. Hutchinson the lessor, and E. A. Carlisle and S. A. Pope the lessees, of a building on Sudbury Street in Boston, for personal injuries sustained by the plaintiff while walking on the sidewalk in front of the defendants' building by the fall of a piece of stone from the capstone of a window in the third story of the building.   At the trial in the Superior Court, before *Aiken,* J., the jury returned a verdict for the plaintiff, and the defendant Hutchinson alleged exceptions.   After the trial the plaintiff moved for judgment against the defendants, Carlisle and Pope, the motion was allowed, and those defendants appealed to this court.   The material facts appear in the opinion.

*J. H. Benton, Jr.,* for Hutchinson.

*J. Lowell,* for Carlisle and Pope.

*H. W. Ogden & M. J. Jordan,* (*S. L. Whipple* with them,) for the plaintiff.

HOLMES, C. J.   This is an action of tort for personal injuries caused by the fall of a piece of stone from the capstone of a window in the third story of a brick building.   The plaintiff was struck by the stone as he was walking on the sidewalk below the window and was badly hurt.   He brought this action against the landlord and tenants of the building.   No question of pleading or procedure was raised at the trial, but the landlord, Hutchinson, asked the judge to direct a verdict in his

favor. This the judge refused, and instructed the jury that if the defect in the capstone was there before the letting, the landlord was liable unless it was such that human foresight could not reasonably be expected to look out for it. The landlord excepted.

The lease was made on January 10, 1894, for three years from April 1, with a right of extension for two years, which right was exercised by the lessees. The accident was on October 21, 1897. The lessees covenanted in print to keep the premises in such repair as they were in at the beginning of the term, reasonable use and wear and damage by fire or other unavoidable casualties excepted, and further covenanted in writing to do all necessary repairs except to the gravel roof.

On these facts the landlord was not liable for a defect which first came into being after the tenants had taken charge of the premises, and the jury were instructed to that effect. The event shows that at the date of the lease there was no immediate danger, as the accident did not happen until more than three years later. Even if inspection would have disclosed that the capstone would crumble in the course of five years, as of course it would sooner or later, it would be going far to say that the covenant did not reach it, — a question not disposed of by cases like *Lister* v. *Lane*, [1893] 2 Q. B. 212, — and it would be going still further to say that the landlord must be taken to have contemplated the event, or that the tenants, having full control, and, as the plaintiff asserts, the right and duty as towards the public to do what was necessary to make the place safe, were not the only responsible parties. The charge of the judge did not even require knowledge of the defect on the part of the landlord in order to make him liable. *Lowell* v. *Spaulding*, 4 Cush. 277. *Leonard* v. *Storer*, 115 Mass. 86, 88. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, 49. *Oxford* v. *Leathe*, 165 Mass. 254. *Szathmary* v. *Adams*, 166 Mass. 145, 146. See also *Quinn* v. *Crimmings*, 171 Mass. 255; *Glynn* v. *Central Railroad*, 175 Mass. 510.

But in fact there was no evidence that inspection disclosed or would have disclosed the defect at the time of the lease. The fact that the stone was cracked at the time of the accident is no evidence of its condition five years before, and the fact

that the jury took a view, without more, does not raise a presumption that evidence of the long past condition of the stone was obtained by inspection. See *Tully* v. *Fitchburg Railroad*, 134 Mass. 499, 503. *Rigg* v. *Boston, Revere Beach, & Lynn Railroad*, 158 Mass. 309, 313. The suggestion made on behalf of the tenants that sandstone was an improper material for capstones is unsupported by testimony, and is contrary to well known and very general practice. It follows that Hutchinson's exceptions would have to be sustained, were they before us alone.

The tenants, of course, were satisfied with the ruling which made the landlord liable, and so did not except. After the trial the plaintiff moved for judgment against them, which motion was allowed, and the tenants appealed. Assuming that the plaintiff was right in joining landlord and tenants in one action as jointly liable, if liable at all, he had a right to sue the tenants alone, if he saw fit, even if the tort had been joint in the strictest sense. *McAvoy* v. *Wright*, 137 Mass. 207, 210. Dicey, Parties to Actions, 430, Rule 98. So, if the judge had directed a verdict for the landlord, as he should have done, the other defendants could not have excepted, and the plaintiff could have taken a verdict against them. *Warren* v. *Boston & Maine Railroad*, 163 Mass. 484. See *Rodney* v. *Strode*, 3 Mod. 101; *Sabin* v. *Long*, 1 Wils. 30. And so, if after a verdict against all three the plaintiff by leave of the court had discontinued against him, the verdict against the other two would stand. *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, 490. The technical rule that a joint judgment is entire, and if bad as against one is bad against all, has no application to the proceedings before judgment.

The only trouble is that it appears by the argument before us that the plaintiff did not propose to discontinue against the other defendants by his motion. His intention was to take one judgment against the tenants and another against the landlord. That he could not do. *Pickle* v. *Byers*, 16 Ind. 383. *Williams* v. *M'Fall*, 2 S. & R. 280, 281. See *Heydon's case*, 11 Co. 5 a, 5 b. It is true that under the English practice it was held that a plaintiff could declare against one alone in tort when he had sued out process against two or more jointly. *Wilson* v.

*Edwards,* 3 B. & C. 734. The reasons are suggested by *Stables*
v. *Ashley,* 1 B. & P. 49. *Spencer* v. *Scott,* 1 B. & P. 19. Com-
pare *Chapman* v. *Eland,* 2 New Rep. 82. But that did not mean
that he could declare against all the defendants jointly and also
against each defendant separately. " An action *partly* joint, and
*partly* several, *quoad* the parties liable, being unknown in the
law." Gould, Plead. c. 4, § 70; (see § 74.) *McMullin* v. *Church,*
82 Va. 501. *Winslow* v. *Newlan,* 45 Ill. 145, 148. So, *a fortiori,*
there could not be a joint and also a separate judgment upon
the joint count upon which the verdict must be taken to have
been rendered. It has been decided, and rightly we do not
doubt, that, in an action of tort, taking judgment against less
than all the defendants is a discontinuance as to the others.
*Davis* v. *Taylor,* 41 Ill. 405, 408. See *Williams* v. *M'Fall,* 2 S.
& R. 280. We are of opinion that the effect of taking the judg-
ment was not diminished by the plaintiff's intention. The
court must be presumed to have understood the law, and, so far
as its discretion was involved in permitting the plaintiff to dis-
continue against the landlord, to have exercised it understand-
ingly.

It follows that the defendant Hutchinson is out of the case,
and that his exceptions should be dismissed unless there be any
cause why he should prefer to have his exceptions sustained and
to move in the Superior Court to have the judgment against
the tenants set aside, in which case he may take that course at
his choice. ·The ground for such a motion would be that a
discontinuance as against him was not to be granted without
his consent and without hearing him, at the stage which his
case had reached when the judgment was entered.

*Exceptions dismissed and judgment affirmed nisi.*