## H. Burr Crandall vs. William H. Colley.

Suffolk.  March 14, 1901. — March 18, 1901.

Present: Holmes, C. J., Lathrop, Barker, Hammond, & Loring, JJ.

In the Municipal Court of the city of Boston a plaintiff declared on an account annexed with seven items amounting in all to $40, with a credit of $5, leaving the balance sued for $35. He obtained judgment for $12, and costs amounting to $3.66. Thereupon, the plaintiff appealed to the Superior Court, which gave him judgment for $16. The defendant claimed costs after the appeal, under Pub. Sts. c. 198, § 4, on the ground that the Superior Court included in its judgment for $16 interest from the date of appeal to the date of its judgment, and that, allowing for the interest so included, the plaintiff did not recover a greater sum for debt or damages than he recovered by the first judgment. *Held*, that there was nothing to show that the increase in the amount recovered was for interest, that it did not even appear that the finding of the Superior Court was upon the same items of the account as that of the Municipal Court, and that the plaintiff was entitled to full costs.

Contract upon an account annexed with seven items amounting in all to $40 with a credit of $5, leaving the balance sued for $35. Writ dated March 17, 1900.

The action was brought in the Municipal Court of the city of Boston, where judgment was rendered for the plaintiff on April 6, 1900, for $12 with costs from March 7, 1895, namely, $3.66. The plaintiff appealed from this judgment in his favor to the Superior Court, which court found for him on December 6, 1900, in the sum of $16.

In the Superior Court after this judgment the defendant contended that the plaintiff should recover no costs arising after the appeal, but should pay the costs of the defendant arising after appeal, as provided by Pub. Sts. c. 198, § 4, on the ground that the finding of the Superior Court included interest accruing from the date of appeal to the date of its finding, and that making due allowance for the interest so included, the sum recovered for debt or damages was not greater than that recovered in the lower court.

The Superior Court allowed full costs to the plaintiff; and the defendant appealed.

*F. K. Linscott*, for the defendant.

*W. J. Williams*, for the plaintiff.

HOLMES, C. J. We have no way of knowing that the excess of the sum recovered in the Superior Court over that recovered in the Municipal Court was for interest subsequent to the judgment. The declaration was for $35 on an account annexed of seven items, amounting to $40 with a credit of $5. For all that we know the finding in the Superior Court may have allowed no interest at all. It even may have been upon different items from that in the Municipal Court. The question sought to be raised is not before us.

*Taxation affirmed.*