## DENNIS F. CRONIN vs. PHILIP BARRY.

Plymouth.   November 12, 1908. — January 7, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Replevin.   Judgment.   Practice, Civil,* Appeal.

In an action of replevin for five articles, where the declaration contains but a single count, if it appears that the plaintiff owns four of the articles and is entitled to their possession, but that he does not own the fifth article and is not entitled to its possession, two judgments must be entered, as if there were two separate counts, one in favor of the plaintiff for four of the articles, and the other for the defendant directing a return of the fifth article, and each judgment may include costs.

If in an action of replevin brought in a police court for a bitch and four pups, the court enters a judgment for the defendant directing the return of one of the pups, describing it, and makes no order as to the bitch and the other three pups, an appeal by the plaintiff to the Superior Court from the judgment carries up the whole case, and should be interpreted as an appeal not only from the judgment for the return of the pup described but also from the failure to enter a decree in the proper form as to the other four dogs.

In an action of replevin brought in a police court for a bitch and four pups, the court entered a judgment directing the return of one of the pups, describing it, but failed to make any order as to the bitch and the other three pups.   The plaintiff appealed to the Superior Court from the decree and claimed a trial by jury. The record of the Superior Court showed simply that in answer to the question " Did the pup in question belong to the plaintiff ? " the jury said " No," and there was no record of any general verdict either for the plaintiff or the defendant or of any finding of the jury in regard to the bitch and the other three pups. The record contained a " Finding " as follows : " Judgment is to be entered for the plaintiff for one Boston terrier bitch and three pups, with costs ; judgment for defendant for return of one bitch pup with costs." From the judgment entered in accordance with this finding the defendant appealed, contending that the question of the title to the Boston terrier bitch and the three pups decided to belong to the plaintiff was not before the Superior Court and that the judge of that court erred in undertaking to include them in the judgment. *Held,* that the appeal from the judgment of the police court brought up the whole case to the Superior Court, and that it could be assumed from the order of the judge of that court entitled " Finding " that, apart from the single issue left to the jury, the parties were content to submit all other questions to the judge rather than to the jury, and that upon such submission the judge, either upon evidence or upon statements of the parties, found that the four dogs other than the one whose ownership was passed upon by the jury were the property of the plaintiff, and, having so found, ordered judgment for the plaintiff on such findings and for the defendant on the finding of the jury ; and therefore that the judgment was supported by the record and should be affirmed.

HAMMOND, J.   This is an action of replevin, brought in the Police Court of the City of Brockton, to recover one Boston

terrier bitch and four pups. The answer contains a general denial and an allegation that one of the pups is the property of Ryan and Snyder. Upon these pleadings the case was tried in that court and continued for judgment. The record shows that thereafter the following entry was made : " Judgment for defendant for return of young bitch pup with costs, $7.48," followed by a description of the pup for purposes of identification. The record shows no other judgment. From the judgment rendered the plaintiff appealed to the Superior Court and there claimed a trial by jury. The record of that court shows simply that in answer to the question " Did the pup in question belong to the plaintiff, Cronin ? " the jury said " No "; and there is no record of any general verdict either for the plaintiff or the defendant, or that the jury dealt with the case so far as respected the bitch and the three other pups. Apparently the only thing the jury were asked to do was to answer the question whether that one pup belonged to the plaintiff. The record continues as follows : " Finding. In *Cronin* v. *Barry* judgment is to be entered for the plaintiff for one Boston terrier bitch and three pups, with costs ; and judgment for defendant for return of one bitch pup with costs." Then follows a description of the last named pup, substantially like the description given in the police court. The defendant appealed from this " finding and order of entry of judgment," and the case is before us on this appeal.

The contention of the defendant, as stated by himself in his brief, is " that the question of title to the Boston terrier bitch and three pups was not before the Superior Court and that the order of the judge * of that court was erroneous in so far as he undertook to include them in the judgment."

The record of each court is peculiar, especially that of the police court. Before the lower court the question was whether the plaintiff could maintain his action as to the five dogs which had been taken on the writ. If he maintained his action as to all, then he was entitled to judgment as to all ; if only as to a part of them then judgment as to that part. In the latter event there were two judgments to be rendered, one for the plaintiff as to the dogs he owned, and one for the defendant as to the rest of them. In such a case, although all the articles are de-

---

* *King,* J.

clared for in one count, the case is dealt with as if there were two counts; and each party is entitled to prevail on one. Each party is an actor, and each may have judgment and costs. *Vinal* v. *Spofford*, 139 Mass. 126, and cases cited. If, therefore, the judge of the lower court had found for the plaintiff as to four of the dogs and against him as to the fifth, he should have entered an order in the nature of two judgments, one for the plaintiff and one for the defendant; and, if that had been done, then the appeal by the plaintiff from the judgment in favor of the defendant would have carried to the appellate court only the question as to the dog given to the defendant. *Vinal* v. *Spofford*, *ubi supra.*

But the judgment contained no express determination as to the dogs not given to the defendant; and in that respect was imperfect. The plaintiff therefore may well have appealed from the judgment upon the ground not only that one of the dogs was given to the defendant, but upon the further ground that none was given to the plaintiff; or, in other words, that the court had failed to enter a judgment in proper form. Such an appeal from such a judgment would carry the whole case to the Superior Court, and we are of opinion that under the peculiar circumstances it must be held that the appeal of the plaintiff carried the whole of this case to the Superior Court.

In that court, as before stated, the plaintiff claimed a trial by jury, but the only question submitted to them seems to have been the one above described, namely, whether "the pup in question" belonged to the plaintiff. We cannot look beyond the record, but we must interpret it as best we can. The order of the court is entitled a "finding," and is consistent with the theory that upon the answer of the jury the parties were content to submit all other questions to the judge rather than to the jury, and that upon such submission the judge either upon evidence or statements of the parties found that the four dogs other than the one whose ownership was passed upon by the jury were the property of the plaintiff, and having so found ordered judgment for the plaintiff on such finding and for the defendant on the finding of the jury. This construction of the record seems to be the most consistent. The record as it stands must govern the rights of the parties on this appeal, and we are bound by it.

If expressly or by fair implication the construction of it be not in accordance with the actual truth, the remedy of the aggrieved party is to be found elsewhere than by appeal.

*Judgment affirmed.*

The case was submitted on briefs.

*R. W. Nutter & C. C. King,* for the defendant.

*J. McCarty & M. Wilbur,* for the plaintiff.