LILLIAN M. CAMERON vs. ALBERT M. KANRICH & another.

Suffolk.    January 11, 1909. — March 9, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Joint Tortfeasors.    Judgment.    Practice, Civil,* Appeal.

In an action of tort against two joint tortfeasors jointly, taking judgment against
one of them is a bar to obtaining judgment against the other.

In an action of tort brought in a municipal court against two joint tortfeasors.
jointly, if the judge of the court gives judgment for one of the defendants, and
gives judgment for the plaintiff against the other defendant, the plaintiff can·
appeal to the Superior Court from the judgment generally and thus bring up the·
whole case, but if, instead of doing.this, he appeals from the judgment for the
defendant for whom judgment was given, letting the judgment stand against.
the other defendant, his appeal must be dismissed, as the case is finally disposed
of by his judgment against one of the two joint tortfeasors, and no cause of ac-·
tion remains to him.

TORT, against Albert M. Kanrich and Mary Kanrich jointly,.
to recover for an alleged joint assault on the plaintiff, a minor,.
who brought the action by her next friend.    Writ in the Mu-·
nicipal Court of the City of Boston dated October 22, 1907.

In the Municipal Court the judge found for the plaintiff
against the defendant Mary Kanrich in the sum of $350, and.
found for the defendant Albert M. Kanrich.    Judgment was
entered for the plaintiff against the defendant Mary Kanrich
for $350 damages and $23.55 costs.

On the same day judgment was entered for the defendant
Albert M. Kanrich with costs to him of $22.87.    From this last
named judgment the plaintiff appealed to the Superior Court.

In the Superior Court the defendant Albert M. Kanrich made
a motion to dismiss the appeal, which was denied by *De Courcy,* J.,
and the defendant Albert M. Kanrich appealed from the order
of the judge denying his motion.    At the request of the defend-
ant Albert M. Kanrich the judge reported the case for deter-
mination by this court.    If the denial of the motion to dismiss
the appeal was correct, the case was to be remanded to the Su-
perior Court for further proceedings ; if it was incorrect, judg-
ment was to be entered for the defendant Albert M. Kanrich.

The case was submitted on briefs.

*W. H. Thorpe & C. Hendrick*, for the defendant Albert M. Kanrich.

*H. S. Ormsby & J. B. Dore*, for the plaintiff.

BRALEY, J.   The plaintiff's cause of action appears from the single count of the declaration to have been for an assault, and instead of bringing separate actions she joined the defendants in one action.   It is settled at common law that a judgment without satisfaction against one of two joint wrongdoers, who are sued separately, is no bar to taking judgment against the others. *Oulighan* v. *Butler*, 189 Mass. 287, 293.   But if they are sued jointly, taking judgment against one not only operates as a discontinuance, but constitutes a bar to obtaining judgment against the others.   The cause of action, being single, has been merged in the judgment and the form of the action changed.   It cannot afterwards be divided into two actions, one sounding in contract and the other in tort. *Sprague* v. *Waite*, 19 Pick. 455.   *Elliott* v. *Hayden*, 104 Mass. 180, 181.   *McAvoy* v. *Wright*, 137 Mass. 207.   *Munroe* v. *Carlisle*, 176 Mass. 199, 202.   *Broome* v. *Wooten*, Yelv. (Metcalf's ed.) 67, 68, n.   *King* v. *Hoare*, 13 M. & W. 494, 504, 505.   *Buckland* v. *Johnson*, 15 C. B. 145, 163, 164.

In actions upon a joint contract it is provided by R. L. c. 177, § 6, that the plaintiff may have separate judgments if it is found that all the defendants are not jointly liable, but there is no similar provision as to joint tortfeasors when sued jointly. *Downing* v. *Coyne*, 121 Mass. 347.   The judgment of the Municipal Court in favor of one and against the other defendant must be taken to have been rendered upon the pleadings, and there could not be in the plaintiff's favor a joint and also a separate judgment upon the count. *Munroe* v. *Carlisle, ubi supra.*

If the plaintiff had appealed generally, the whole case would have been brought up to the appellate court.   He was not obliged to accept the finding in his favor if the damages awarded were less than the amount claimed in the writ, and within the meaning of R. L. c. 173, § 97, he was aggrieved, even if the judgment had not been wholly adverse. *Kingsley* v. *Delano*, 172 Mass. 37, 38.   The record, however, conclusively shows that the appeal was not claimed and taken generally, as in *Cronin* v. *Barry*, 200 Mass. 563, but was strictly limited to an appeal from the judgment in favor of the defendant Albert M. Kanrich.   But, having volun-

tarily taken judgment against the co-defendant, not only was a
discontinuance of the action as against the appellee immediately
worked, but the plaintiff had no cause of action remaining which
he could prosecute to judgment against him.    *Elliott* v. *Hayden*,
104 Mass. 180, 181.    *Munroe* v. *Carlisle*, 176 Mass. 199, 202

The Superior Court not having acquired jurisdiction of the
case, the appeal must be dismissed.

*So ordered.*