JOSEPH SHAHEEN *vs.* KALMAN HERSHFIELD.

Essex.    December 4, 1923. — February 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Costs, Interest, Appeal from District Court, Small claims. *District Court.   Superior Court.   Costs.   Interest.   Judgment.*

In an action upon a judgment for costs, the plaintiff is entitled to recover the amount of the judgment and interest from the date of its rendition.

One entitled to $6.51 upon a judgment for costs is not required by the provisions of the small claims statute to prosecute a claim upon such judgment under small claims procedure; but he may elect to bring an action in a district court upon the judgment, in which case it is within the jurisdiction of the district court under G. L. c. 218, § 25, to eliminate plaintiff's costs.

Where, previous to October 1, 1922, a judge of a district court, in rendering judgment for the plaintiff in an action brought upon a judgment for costs, under § 25 of G. L. c. 218 eliminated the plaintiff's costs but erroneously found for the plaintiff only in the sum of $6.51 without the addition of interest, and the plaintiff appealed, the judgment of the district court thereby was vacated and it was necessary that the action be tried and determined anew in the Superior Court as if originally commenced there; and the Superior Court was not bound by the action of the district court in eliminating costs but, upon a finding there for the plaintiff in the sum of $6.51 with the addition of interest, the plaintiff was entitled to a judgment which included statutory costs.

CONTRACT on a judgment for costs in the sum of $6.51. Writ in the District Court of Lawrence dated February 7, 1922.

On appeal to the Superior Court, the action was heard by *Flynn,* J., without a jury. Material evidence, facts found and rulings made by the judge are stated in the opinion. The judge found for the plaintiff in the sum of $6.91 without costs. The plaintiff alleged exceptions.

Sections 21–25 of G. L. c. 218 read as follows:

" Section 21. The justices or a majority of them of all the district courts, except the Municipal Court of the City of Boston, shall make uniform rules applicable to said courts, and the justices of the Municipal Court of the City of Boston shall make rules applicable to that court, providing for a simple, informal and inexpensive procedure, hereinafter called the procedure, for the determination, according to the rules of substantive law, of claims in the nature of contract or tort, other than slander and libel, in which the plaintiff does not claim as debt or damages more than thirty-five dollars, and for a review of judgments upon such claims when justice so requires. The procedure shall not be exclusive, but shall be alternative to the formal procedure for causes begun by writ.

" Section 22. The procedure shall include the beginning of actions with an entry fee of one dollar but without writ, and without requirement, except by special order of court, of other pleading than a statement to the clerk or an assistant clerk, who shall reduce the same to concise written form in a docket kept for the purpose. The procedure shall include notice by registered mail instead of the mode of service heretofore required, and shall include provisions for early hearing. The procedure may include the modification of any or all rules of pleading and practice, anything contained in other chapters, sections or acts notwithstanding, and may include a stay of the entry of judgment or of the issue of execution. The rules for the procedure may provide for the elimination of any or all fees and costs, and that costs shall be in the discretion of the court. In causes begun under the procedure, the court may on application for cause shown issue writs of attachment of property or person as in causes begun by writ.

" Section 23. A plaintiff beginning a cause under the procedure shall be deemed to have waived a trial by jury and any right of appeal to the Superior Court and any right to a report to an appellate division; but if said cause shall be removed to the Superior Court as hereinafter provided, the plaintiff shall have the same right to claim a trial by

jury as if the cause had been begun in the Superior Court. No other party to a cause under the procedure shall be entitled to an appeal or report.  In lieu thereof, any such party may, prior to the day upon which he is notified to appear, file in the court where the cause is pending a claim of trial by jury, and his affidavit that there are questions of fact in the cause requiring trial, with specifications thereof, and that such trial is intended in good faith, together with the sum of three dollars for the entry of the cause in the Superior Court; and thereupon the clerk shall forthwith transmit such original papers or attested copies thereof as the rules for the procedure may provide, and the Superior Court may try the cause as transmitted or may require pleadings as in a cause begun by writ, but the cause may be marked for trial on the list of causes advanced for speedy trial by jury.  Section one hundred and five of chapter two hundred and thirty-one shall apply in all district courts in causes begun under the procedure.

" Section 24.  The court may, in its discretion, transfer a cause begun under the procedure to the regular civil docket for formal hearing and determination as though it had been begun by writ, and may impose terms upon such transfer.

" Section 25.  In any cause begun by writ which might have been begun under the procedure, the rules for the procedure may provide, or the court may by special order direct, that the costs to be recovered by the plaintiff, if he prevails, shall be eliminated in whole or in part."

The case was submitted on briefs.

*M. A. Flanagan & J. J. Fox, Jr.*, for the plaintiff.

No argument or brief for the defendant.

RUGG, C.J.    This is an action on a judgment for costs amounting to $6.51 rendered in favor of the plaintiff against the defendant by the district court of Lawrence on January 28, 1922.   The writ in the case at bar was dated February 7, 1922.   Judgment in the present action was rendered in favor of the plaintiff for $6.51, and costs taxed at $8.50 on May 19, 1922.   That judgment appears to have been vacated.   Costs subsequently were eliminated by order of the district court under G. L. c. 218, § 25.   The case

went to judgment finally in the district court on February 2, 1923, for $6.51 without costs. From that judgment the plaintiff appealed to the Superior Court. At the trial in the Superior Court the judge ruled (1) that G. L. c. 218, § 25, related to district courts solely and conferred no power on the Superior Court, and (2) that the elimination of costs by the district court was a matter of discretion and not subject to revision or appeal. He allowed the motion of the defendant to eliminate costs and found for the plaintiff in the sum of $6.91. It was agreed at the trial that the plaintiff recovered the judgment upon which this action is brought and that it has never been satisfied in whole or in part. The plaintiff's exceptions to the second ruling above stated and to the allowance of the motion to eliminate costs bring the case here.

There was error in the allowance in the Superior Court of the defendant's motion to eliminate costs and in the ruling which we interpret to mean that the elimination of costs by the district court was binding upon the parties to the cause in the Superior Court.

It is plain that the plaintiff was aggrieved by the amount of the judgment rendered in the district court in his favor against the defendant. He had recovered a judgment which under G. L. c. 235, § 8, bore interest from the day of its rendition, namely, from January 28, 1922. He was entitled to recover interest on the amount of his judgment from that date to the date of suing out his writ in the case at bar, and also interest from the latter date on a new principal, being the amount of his judgment plus that first interest, to the date of the judgment from which he took appeal. But that latter judgment included no interest whatever. It was for the same amount as the judgment on which this action is founded. The plaintiff in this action did not go into the district court under the small claims procedure, as he might have done. G. L. c. 218, §§ 21–25. Instead he sued out a writ. He had a right to do that. Under § 25 the district court was within its jurisdiction in eliminating the costs of the plaintiff, because the plaintiff might have begun under the small claims procedure. The

power of eliminating costs in such case is expressly conferred by § 25. The plaintiff, however, had done nothing to estop himself from taking advantage of whatever remedy the law afforded for the correction of errors committed by the district court respecting his case. The only remedy thus afforded him at that time was by taking an appeal to the Superior Court as provided in G. L. c. 231, § 97, as amended by St. 1922, c. 532, § 12. The small claims procedure statutes still leave open the right of appeal from an adverse judgment rendered on a writ brought on or before September 30, 1922. Section 110B added to G. L. c. 231 by St. 1922, c. 532, § 8,

The plaintiff had a right of appeal from the judgment of the district court because that judgment, although in his favor, was for a less amount than was claimed and than was his due. *Kingsley* v. *Delano*, 172 Mass. 37. The appeal vacated the judgment rendered in the district court. The object and purpose of such an appeal under our statutes is to enable the parties to have their rights determined without regard to any decision of the court of first instance, because it shall be tried and determined in the Superior Court " as if originally commenced there." St. 1922, c. 532, § 12. The whole case in all its aspects was pending in the Superior Court under the appeal. *Cronin* v. *Barry*, 200 Mass. 563. *Hall* v. *Hall*, 200 Mass. 194, 196. *Jaha* v. *Belleg*, 13 Allen, 78, 80. This statutory power is quite inconsistent with the view that the elimination of costs ordered in the district court shall follow the case and the parties into the Superior Court. Apart from this, the words of G. L. c. 218, § 25, hardly would be susceptible of that construction.

The plaintiff is entitled to his costs on the judgment rendered in the Superior Court. The general rule is that the prevailing party in civil actions " shall recover his costs, except as otherwise provided." G. L. c. 261, § 1. It is provided by G. L. c. 261, § 3, that if " in a civil action before a district court, the plaintiff appeals from a judgment in his favor . . . and does not recover in the Superior Court a greater amount for debt or damages than he recovered by the first judgment, he shall recover no costs arising after

the appeal." It is manifest that the plaintiff recovered by the finding in the Superior Court a sum for debt greater than the judgment in the district court and greater also than that judgment plus interest from the date of its rendition. See *Crandall* v. *Colley,* 178 Mass. 339. Whether it was for an amount as large as the plaintiff was entitled to recover is not raised on this record. The procedure here followed is inapplicable to actions brought in district courts subsequent to September 30, 1922. Section 110B added to G. L. c. 231 by St. 1922, c. 532, § 8.

*Exceptions sustained.*