Bolster, C. J.
If the law as to costs is what the plaintiff -claims it to be, this case is eloquent as to the need of a change in' the law which will give discretionary power to the court to control in larger measure the use of its own process, either by requiring antecedent leave to attach, or giving the court more control over costs.
*623 The plaintiff’s claim is $6.13, presumably just, since the defendant has confessed it. The clerk taxed the costs at $75.75. On appeal, the judge affirmed the taxation.
We cannot escape the conviction that in passing upon the appeal one vital consideration was overlooked. By Gen. Laws (Ter. Ed.) Ch. 218, §25, it is provided that in any cause begun by writ, which might have been begun under the “small claims” procedure, the rules may provide that the costs to be recovered by the plaintiff, if he prevails, shall be eliminated in whole or in part. cf. Shaheen v. Herschfield, 247 Mass. 543, 548. Rule 15 gives the plaintiff only taxable cash disbursements, except by special order of the court for cause shown, and Rule 9 gives, only the actual cash disbursements for officers’ fees and other items. Nowhere in the statements of counsel which the judge accepted in lieu of evidence does it appear what, if anything, has been disbursed on officers’ fees. Constables sometimes let themselves out at a weekly wage, and the surplus fees are pocketed by some attorneys. The rules were meant to put a stop to that. This plaintiff may have paid the full fees returned by the officer, but it was not shown. No special order was made nor was cause shown.
It is true that no such allegation of error was assigned. The appellant is not here as of right, but only subject to our discretion. His requests for rulings say nothing about the effect of the statute or rules referred to. Nevertheless, we think it more in the interest of justice that the appeal be re-heard than that the defendant should suffer possible injustice through his counsel’s failure, cf. Kaplan v. Bell, 1936 A. D. R. 508.
There is an additional reason for re-hearing. At common law there is no right to attach mortgaged goods as the property of the mortgagor. Badlam v. Tucker, 1 Pick. 389, 399. The right is wholly statutory, and Gen. Laws Ch. 223, *624 §75 provides that if the mortgage debt is not paid or tendered within a fixed time the attachment shall be dissolved. As to the mortgagee, at least the officer there stands as a trespasser ab initia. Rand v. Blatt, 170 Mass. 469. Hanley v. Davis, 166 Mass. 1. Strange as it may seem, we have not found a case deciding whether a plaintiff who has caused an officer to make an attachment which, as the outcome showed, the officer had no lawful right to make, can have the expense of that futile venture charged upon his debtor. We do not now decide that question, but its existence gives an additional reason for re-hearing.
Order affirming clerk’s taxation vacated.