### Northern District

### No. 5414

## HELEN GILL

v.

## MICHAEL and JOANNA ROCHE

(August 30, 1960)

*Present:* Gadsby, P.J. and Northrup, J.

Case tried to *Spring, J.,* in the Municipal Court of the Roxbury District. No. 17558.

*Northrup, J.* This is an action of tort in which the plaintiff, a tenant at will of certain premises owned by the defendants, seeks to recover for personal injury sustained by her as the result of a fall allegedly due to a defective condition of the same. The defendants pleaded in their answer a general denial, contributory negligence and assumption of the risk.

*At the trial there was evidence tending to show that* the Defendants purchased the premises in question in 1944 and that at the time of purchase, the plaintiff was an occu-

pant of the same. She continued thereafter to occupy the premises as a tenant at will of the new owners, the defendants. According to the testimony of the defendant Michael Roche the premises were in perfect condition at the time of the purchase of the same. Within a year prior to the date of the accident (which presumably was May 5, 1957) the defendant Michael Roche, as a result of the repeated complaints by the plaintiff, made some repairs to the *railing of the porch* of the premises. Photographs of a rotted board from the floor of the porch of the premises, through which the plaintiff allegedly fell, and a piece of the rotted board itself, were admitted in evidence by the Court.

There was further evidence tending to show that a child of the defendant had at times been on said porch and that a door to the same opened on a common stairway leading upstairs; that this door was never locked and the plaintiff had no key to the same. Within a month or two after the alleged accident the defendants removed all the floor of the porch and replaced it with new flooring which they had painted.

At the conclusion of the evidence and before final argument the plaintiff duly filed the following requests for rulings:

"1. There is sufficient evidence to warrant a finding for the plaintiff."

"2. There is insufficient evidence to warrant a finding for the defendants."

"3. A finding on the evidence that the piazza in question was used as a play area by the children of the de-

fendant landlords would warrant a finding that the premises were in the control of the defendants."

"4. A finding on the evidence that the defendant landlord had voluntarily undertaken to make repairs on the piazza in question and had done so negligently would warrant a ruling as a matter of law that the defendant was liable for any injury or damage caused by such negligence in making repairs."

The trial court denied the plaintiff's re-quests Nos. 1, 2, & 4 and allowed request No. 3. In conjunction with said rulings the trial court made the following findings of fact:

1. "I find as a fact the piazza in question was not used by the children of the defendant as a play area and that the said piazza was at all times in the control of the plaintiff."

2. "I find as a fact that the defendant gratuitously repaired the piazza floor and there was no evidence introduced that the repairs were made in a negligent manner."

The plaintiff claims to be aggrieved by the trial court's denial of her requests Nos. 1, 2, & 4.

There was no error in the rulings on these requests. The law is well settled and is summarized in *Fiorntino v. Mason,* 233 Mass. 451, where the Court said at 452, 453:

"The respective rights and obligations of the landlord and tenant under such a contract for a tenancy at will are well settled. There is no implied agreement, apart from fraud, that the demised premises are or will continue to be fit for occupancy or safe and in good repair. The tenant takes the premises as he finds them and there is no obligation on the landlord to make repairs. The landlord is not liable for

injuries arising from a defective condition unless he has undertaken to make repairs and has made them negligently."

See also: *Conahan v. Fisher,* 233 Mass. 234; *Baum v. Ahlborn,* 210 Mass. 336; *Lane v. Raynes,* 223 Mass. 514; *Rolfe v. Tufts,* 216 Mass. 563; *Miles v. Janvrin, Admr.,* 200 Mass. 563; *Salsman v. Frisch,* 276 Mass. 228.

The above stated principles of law are true even though as a part of the letting of the premises there was an agreement to repair and a negligent omission on the part of the landlord to do so. *Tuttle v. Gilbert Mfg. Co.,* 145 Mass. 169; *Conahan v. Fisher,* 233 Mass. 234.

Furthermore where, as here, the repairs were made gratuitously, the landlord is not liable to the tenant for ordinary negligence but gross negligence must be shown in order to warrant recovery. *Bergeron Admr. v. Forest,* 233 Mass. 392, 398; *Massaletti v. Fitzroy,* 228 Mass. 487, 509.

In the case at bar the trial court found as a fact (1) that the portion of the premises on which the plaintiff fell was at all times in the control of the plaintiff; (2) that there was no agreement on the part of the defendant to repair the premises and that the repairs which were made were made gratuitously; (3) that the repairs made by the defendant were not made negligently. These findings of fact, warranted as they are by the evidence, must stand. Contrary to the position taken by the plaintiff in her brief, they are not subject to review by this Court. *Dillon v. Framingham,* 288 Mass. 511, 513; *Dolham v. Peter-*

*son,* 297 Mass. 479, 481; *James B. Rendle Co. v. Conley & Daggett Inc.,* 313 Mass. 712.

Applying the above stated principles of law to the case at bar, it is obvious that a finding for the plaintiff was not warranted on the evidence and that the trial court was required to find for the defendant as a matter of law. The report is therefore ordered dismissed. *So Ordered.*

Joseph Sheffield Dow of Boston, for the Plaintiff.
Lovell Spaulding, Jr. of Boston, for the Defendant.