UTICA,
August, 1823.

INGALLS
v.
LORD.

———————

## INGALLS *against* LORD.

A chose in action cannot be taken in execution; as a promissory note.

And where a constable received a promissory note as security, and afterwards sold it, the transaction was held illegal.

The measure of damages, in trover, for a note, is its nominal value, unless that he reduced by shewing payment, or the insolvency of the maker, or some facts to invalidate the note.

A party may reverse his own judgment for error;

As where he recovers less damages than should have been allowed by a verdict.

CERTIORARI to a Justice's Court. In trover, by *Ingalls* against *Lord,* in the Court below, it appeared that *Lord,* as constable, and under an execution against *Ingalls,* levied upon and sold a promissory note against one *Brown,* on which was due to *Ingalls* about $57. The note was received from *Ingalls* by the defendant, in exchange for *Ingall's* watch and some clothes, which the defendant had before levied on under the same execution. Verdict for the plaintiff, for $5.

*N. Rathbun,* for the plaintiff in error.

*C. E. Clark,* contra.

*Curia.* The note being a chose in action, could not be levied on nor sold. (*Denton* v. *Livingston,* 9 *John.* 100.) If

levied upon, as the goods of *Ingalls*, the act was illegal and void. And if the note was taken as security for money advanced, or agreed to be advanced, the transaction was also illegal. This Court has viewed, with great jealousy, the conduct of officers holding executions against defendants. (*Reed* v. *Pruyn & Staats*, 7 *John*. 426, 30. *Sherman* v. *Boyce*, 15 *id*. 443, 7.) The value of the note was the amount due thereon ; as no evidence was given to reduce that value, either by shewing payment, or the insolvency of the maker, or any facts to invalidate the note. It has frequently been decided, that a party may reverse his own judgment, for error.