By the Court.—Curtis, J.
The proposed supplemental answer alleges the insolvency of the makers, acceptors, and endorsers of the draft at the time of the alleged conversion. Also that the draft had not been actually paid by either of the parties thereto; and that no claim against the plaintiffs’ estate upon the draft has been proved in bankruptcy.
The suit is brought to recover damages for the alleged conversion of a chose in action. Where it is brought to recover for the conversion of a security, as in the present case, the measure of damages is the amount due upon it. But when the draft is of little or no value, by reason of the insolvency of the parties to it, or for any other cause, it is held that the defendants should be allowed to reduce its valuation by evidence of such facts, in mitigation of damages (Potter v. Merchants’ Bank, 28 N. Y. 641; Ingalls v. Lord, 1 Cow. 240).
The defendant seeks to reduce its liability by showing that the draft was of no value at the time of the alleged conversion, by reason of the matters stated in. the supplemental answer.
If the defendants were ignorant of these facts at the time their answer was made, and, after the discovery of them, proceeded without delay to apply for leave to plead them in a supplemental answer, then this application appears to come within the scope and terms of the 177th section of the Code.
The uncontroverted affidavit of the defendants’ cashier alleges such ignorance at the time when de *406 fendants’ answer was made, and also that he has only recently discovered the facts alleged in the proposed supplemental answer.
The affidavits, on the part of the plaintiffs, deny the alleged insolvency of the parties to the draft, but in view of the failure to show any payment of the draft at maturity, and other matters appearing in the papers, it can not be assumed that the facts alleged in the proposed supplemental answer are false, and that the application should be denied for that reason. On the contrary, it presents a question to be disposed of upon the evidence that may be presented at the trial of the issues.
The order appealed from should be reversed, with costs to defendants to abide the event of the action.
Sedgwick and Van Vorst, JJ., concurred.