LEWIS BAER, SOLOMON BAER AND MOSES BAER, PARTNERS, TRADING AS LEWIS BAER & COMPANY, *vs.* ALEXANDER G. ROBBINS.

*Plea of set-off: verdict and judgment for excess; below the Court's jurisdiction; effect; appeal. Prayers: when refused of correct—not reversible error.*

Under the provisions of the Code, Art. 75, sec. 12 and 13, where issue is joined on actions *ex contractu* on a plea of set off, judgment is given according to the verdict in favor of the plaintiff or the defendant, unless the verdict is for less than the limit of the Court's jurisdiction; in which case a finding of the excess is made *prima facie* evidence of such indebtedness. Under Art. 26, sec. 17 of the Code, where by reason of a verdict being below the jurisdiction of the Court, a *non pros* is entered, the record of such judgment is a bar to further action on the same case; and the amount of such verdict, less such costs as may have been awarded against the plaintiff is a debt from the defendant to the plaintiff recoverable in any tribunal having jurisdiction.          p. 224

Such a judgment is final and may be the proper subject of an appeal.          p. 225

The filing of the plea of set off places the defendant in the
position of plaintiff with respect to the claim upon which the
plea relies.                                          p. 225

While in general an appeal can not be taken from a judgment
by a party in whose favor it is rendered, an exception is
recognized when the judgment is for less than the amount,
or short of the right claimed.                        p. 225

Under a plea of set off, although the judgment may be in favor
of the defendant, an appeal by him may be taken if the
judgment does not accord him the measure of recovery to
which the plea of set off was directed.               p. 225

If the instructions granted upon the application of one of the
parties to a suit, fully and fairly submit every aspect of
the case which he was entitled to have the jury consider,
the refusal of other prayers offered by him presents no
reversible error, although such other prayers may have been
sound in principle and correct in form.               p. 229

*Decided January 11th, 1912.*

Appeal from the Baltimore City Court (DOBLER, J.).

The following are the prayers that were offered by the
plaintiff and the defendants, respectively, with the action of
the trial Court upon each prayer:

*Plaintiff's 1st Prayer Modified.*—If the jury finds from
the evidence that the defendants employed the plaintiff as
their purchasing agent for the purpose of purchasing furs
or hides for said defendants for the season of 1909 and
1910 and agreed to pay the plaintiff a salary of seven hun-
dred dollars ($700.00) and expenses; and if the jury fur-
ther find that the plaintiff, in pursuance of said agree-
ment, entered upon the discharge of his duties and did repre-
sent the defendants as their purchasing agent for the said
season of 1909 and 1910 and faithfully discharged his
duties as said purchasing agent, then their verdict must be
for the plaintiff for the said sum of $700.00 plus such
expenses as the jury may find the plaintiff reasonably

incurred on behalf of the defendants, less such amount as
the jury may find the plaintiff has already received on
account of his said salary and expenses *and such unpaid
checks as the jury may find may be outstanding and unpaid*
and the jury may, in their discretion, allow interest on
whatever balance they may find to be due the plaintiff from
the date when the same became due. (*Granted as modified.*)

---

*Defendants' 1st Prayer.*—At the request of the defend-
ants, the jury are instructed that under the pleadings in
this case, no evidence legally sufficient has been offered on
behalf of the plaintiff to entitle him to recover, and the
verdict of the jury must be in favor of the defendants.
(*Refused.*)

*Defendants' 2nd Prayer.*—At the request of the defend-
ants, the jury are instructed that by the testimony of the
plaintiff, it appears that more than four hundred dollars
worth of the furs shipped to the defendants were trapped by
the plaintiff's infant sons upon the land owned by the plain-
tiff and his brother, and that the value of said furs were paid
to his infant sons by checks drawn by the plaintiff upon
the funds of the defendants, and out of the proceeds of said
checks, the plaintiff received the sum of two hundred and
sixteen dollars and the amount so received being in excess
of the amount claimed by the plaintiff from the defendants
in this action, the verdict of the jury must be in favor of
the defendants. (*Refused.*)

*Defendants' 3rd Prayer.*—The jury are instructed that if
they find from the evidence that by the terms of the employ-
ment of plaintiff by defendants, the plaintiff was to receive
$700.00 for his services, and out of said sum, pay his own
expenses, then the verdict of the jury must be in favor of
the defendants. (*Conceded.*)

*Defendants' 4th Prayer.*—The Court instructs the jury
that the burden of proof is upon the plaintiff to establish
his claim against the defendants, by a fair preponderance
of evidence, and if the minds of the jury are in a state of

equipoise, then the verdict of the jury must be in favor of the defendants. (*Granted.*)

*Defendants' 5th Prayer.*—Withdrawn.

*Defendants' 6th Prayer.*—The jury are instructed that if they find from the evidence that the plaintiff was employed by the defendants, as their purchasing agent, at the agreed upon compensation of $700.00, out of which plaintiff was to pay his own expenses, and if they shall further find that the sums drawn by plaintiff, by checks signed by him, as agent, together with amounts received from the defendants from drafts and cash, exceed the cost of the furs delivered by plaintiff to defendants, then the verdict of the jury must be in favor of the defendants, for an amount equal to such excess. (*Granted.*)

*Defendants' 7th Prayer.*—The jury are instructed by the testimony of both plaintiff and defendants, the following facts appear:

1. That the plaintiff was the agent of the defendants, for the purpose of purchasing furs during the period testified to.

2. That the defendants instructed the plaintiff to draw no money for his own uses or purposes from the Dorchester National Bank.

3. That the plaintiff did draw money from the funds of said defendants, on deposit at said Dorchester National Bank, for his own uses and purposes.

4. That the defendants were not aware of the fact that the plaintiff had drawn money from said Dorchester National Bank for his own uses and purposes, until after the money so drawn had been paid to the plaintiff; and accordingly, if the jury finds that by reason thereof, the defendants suffered a loss equal to the amount claimed by the plaintiff, then the plaintiff cannot recover in this action, and their verdict must be in favor of the defendants. (*Refused.*)

*Defendants' 8th Prayer.*—The jury are instructed by the testimony of both plaintiff and defendants, the following facts appear:

1. That plaintiff was the agent of the defendants, for the purpose of purchasing furs during the period testified to.

2. That the defendants instructed the plaintiff to draw money for his own uses or purposes from the Dorchester National Bank.

3. That the plaintiff did draw money from the funds of said defendants, on deposit at said Dorchester National Bank, for his own uses and purposes.

4. That the defendants were not aware of the fact that the plaintiff had drawn money from said Dorchester National Bank for his own uses and purposes, until after the money so drawn had been paid to the plaintiff; and, accordingly, if the jury find that by reason thereof, the defendants suffered a loss equal to the amount claimed by the plaintiff, then the plaintiff cannot recover in this action, and their verdict must be in favor of the defendants; and

If they shall further find that the amount paid by the defendants on account of the checks drawn by the plaintiff upon the defendants' account at the Dorchester National Bank, together with amounts paid by the defendants to the plaintiff, and the drafts drawn by the plaintiff and paid by the defendants, in the aggregate exceed the cost of the furs delivered to defendants by plaintiff, and the compensation which plaintiff was to receive from the defendants for his services, then the verdict of the jury must be in favor of the defendants for the amount of such excess. (*Refused.*)

*Defendants' 9th Prayer.*—The jury are instructed that by the evidence of both plaintiff and defendants, the following facts appear:

1. That the plaintiff was employed by defendants as their agent, to purchase furs in the vicinity of plaintiff's home.

2. That plaintiff was instructed to draw no money from the account of the defendants, at the Dorchester National Bank, for his own uses and purposes.

3. That plaintiff did visit at least two adjoining counties for the purpose of purchasing furs.

4. That plaintiff did draw money from said Dorchester National Bank for his own uses and purposes.

5. That the plaintiff sold to the defendants at least $420.00 worth of furs, of which sum, the plaintiff received or was legally entitled to receive at least $210.00.

And the jury are further instructed that an agent employed to purchase for his principal, cannot sell his own wares, or wares in which he has any financial interest, to his principal, without making a full disclosure to his principal of his ownership or interest in said wares, prior to said sale, and they are further instructed that it is the duty of the agent to follow faithfully the directions of his principal, and for any failure or refusal in this respect, he may not only be dismissed from his agency, but also be held liable to his principal for any loss or damage resulting, and accordingly, the plaintiff having received or being entitled to receive from the sale of furs belonging to him, or in which he had an interest, an amount in excess of plaintiff's claim, the verdict of the jury must be in favor of the defendants. (*Refused.*)

*Defendants' 10th Prayer.*—The jury are instructed that the evidence of both plaintiff and defendants establishes the fact that the plaintiff was the agent of the defendants, for the purpose of purchasing furs, and accordingly, the plaintiff was bound to follow faithfully the directions of his employers, and was bound by their instructions, and if it appears by the testimony of both plaintiff and defendants, that the defendants instructed the plaintiff to draw no money for his own uses or purposes from the Dorchester National Bank, and if it further appears by the testimony of both plaintiff and defendants that plaintiff did draw money for his own uses and purposes from said Dorchester National Bank, contrary to his instructions, if the jury shall find that by reason thereof, the defendants suffered a loss equal to

the amount claimed by the plaintiff, then the plaintiff cannot recover in this action, and their verdict must be in favor of the defendants, and if they shall further find that the amount paid by the defendants on account of the checks drawn by the plaintiff upon the defendants' account at the Dorchester National Bank, together with the amounts paid by defendants to plaintiff, and the amount of the drafts drawn by the plaintiff and honored by the defendants, and the total amount of the unpaid checks testified to, in the aggregate exceed the cost of the furs delivered to the defendants by the plaintiff, and the compensation which plaintiff was to receive from defendants for his services, then the verdict of the jury must be in favor of the defendants for the amount of such excess. (*Refused as offered.*)

*Defendants' 11th Prayer.*—The jury are instructed that by the evidence of both plaintiff and defendants, the following facts appear:

1. That the plaintiff was employed by defendants as their agent, to purchase furs in the vicinity of plaintiff's home.

2. That plaintiff was instructed to draw no money from the account of the defendants, at the Dorchester National Bank, for his own uses and purposes.

3. That plaintiff did visit at least two adjoining counties for the purpose of purchasing furs.

4. That plaintiff did draw money from said Dorchester National Bank for his own uses and purposes.

5. That the plaintiff sold to the defendants at least $420.00 of furs, of which sum, the plaintiff received or was legally entitled to receive at least $210.00.

And the jury are further instructed that an agent employed to purchase for his principal, cannot sell his own wares, or wares in which he has any financial interest, to his principal, without making a full disclosure to his principal of his ownership or interest in said wares, prior to said sale, and they are further instructed that it is the duty of the agent to follow faithfully the directions of his principal, and for any

failure or refusal in this respect, he may not only be dismissed from his agency, but also be held liable to his principal for any loss or damage resulting, and accordingly, if the jury shall find that the amount of money expended by the plaintiff for expenses in visiting adjoining counties to purchase furs is equal to or exceeds the amount claimed by the plaintiff, then the verdict of the jury must be in favor of the defendants. (*Refused.*)

*Defendants' 12th Prayer.*—The jury are instructed that by the evidence of both plaintiff and defendants, the following facts appear:

1. That the plaintiff was employed by defendants as their agent, to purchase furs in the vicinity of plaintiff's home.

2. That plaintiff was instructed to draw no money from the account of the defendants, at the Dorchester National Bank, for his own uses and purposes.

3. That plaintiff did visit at least two adjoining counties for the purpose of purchasing furs.

4. That plaintiff did draw money from the said Dorchester National Bank for his own purposes.

5. That the plaintiff sold to the defendants at least $420.00 worth of furs, of which sum, the plaintiff received or was legally entitled to receive at least $210.00.

And the jury are further instructed that an agent employed to purchase for his principal, cannot sell his own wares, or wares in which he has any financial interest, to his principal, without making a full disclosure to his principal of his ownership or interest in said wares, prior to said sale, and they are further instructed that it is the duty of the agent to follow faithfully the directions of his principal, and for any failure or refusal in this respect, he may not only be dismissed from his agency, but also be held liable to his principal for any loss or damage resulting thereby, and if the jury find that the plaintiff did draw money from said Dorchester National Bank for his own uses and purposes, and by reason thereof, the defendants have suffered a

loss equal to or greater than the amount of the plaintiff's claim, then the verdict of the jury must be in favor of the defendants. (*Refused.*)

*Defendants' 13th Prayer.*—At the request of the defendants, the jury are instructed that the evidence of both plaintiff and defendants establishes the fact that the plaintiff was the agent of the defendants for the purpose of purchasing furs, and accordingly, the plaintiff was bound to follow faithfully the direction of his employers, and he was bound by the instructions; and

If they find that the defendants instructed the plaintiff to draw no money for his own uses or purposes, or for his expenses, from the Dorchester National Bank, and if they further find that plaintiff did draw money for his own uses and purposes or expenses, from said Dorchester National Bank, contrary to his instructions, and by reason thereof, the defendants suffered a loss equal to the amount claimed by the plaintiff, then the plaintiff cannot recover in this action, and their verdict must be in favor of the defendants; and

If they shall further find that the amount paid by the defendants on account of the checks drawn by the plaintiff upon defendants' account at the Dorchester National Bank, together with the amounts paid by the defendants to the plaintiff, and the total amount of the unpaid checks testified to in the aggregate exceed the cost of the furs delivered to the defendants by plaintiff, and the compensation which plaintiff was to receive from defendants for his service, then the verdict of the jury must be in favor of the defendants for the amount of such excess. (*Granted.*)

*Defendants' 14th Prayer.*—The jury are instructed that the defendants are legally liable to the bona fide holders of all checks drawn by the plaintiff upon the Dorchester National Bank, and signed by the plaintiff, as agent, which were issued by the plaintiff during the fur season testified to, and the burden of proof is upon the plaintiff to show that he has properly charged himself with all checks drawn by him as aforesaid, and inasmuch as the testimony of both

plaintiff and defendants show that the plaintiff has not charged himself with all checks so issued, the verdict of the jury must be in favor of the defendants. (*Refused.*)

*Defendants' 15th Prayer.*—The jury are instructed that the defendants are legally liable to the bona fide holders of all checks drawn by the plaintiff upon the Dorchester National Bank, and signed by the plaintiff, as agent, which were issued by the plaintiff during the fur season testified to, and the burden of proof is upon the plaintiff to show that he has properly charged himself with all checks drawn by him as aforesaid, and inasmuch as the testimony of both plaintiff and defendants show that the plaintiff has not charged himself with all checks so issued, and as the testimony shows that at least three checks issued by the plaintiff as aforesaid, aggregating $83.08, have not been credited by the plaintiff to the defendants, upon plaintiff's claim against them, the jury are instructed that the highest amount which could be recovered by the plaintiff, in any event, against the defendants, would be below the jurisdiction of this Court, and accordingly, the verdict of the jury must be in favor of the defendants. (*Refused.*)

The cause was argued before BOYD, C. J., PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Myer Rosenbush* filed a brief on behalf of the appellant.

*Robert W. Mobray* (with whom was *Alonzo L. Miles* on the brief), for the appellees.

URNER, J., delivered the opinion of the Court.

In the trial of this case in the Baltimore City Court a verdict was rendered in favor of the plaintiff for the sum of ninety dollars. The suit being *ex contractu* and the amount of the verdict being below the jurisdiction of the Court, a judgment of *non pros.* and for the defendants for costs was entered. From this judgment the defendants have

appealed. A motion to dismiss the appeal has been made upon the grounds, first, that the judgment is not final, and, secondly, that no appeal can be taken from a judgment by the party in whose favor it was rendered.

The suit was upon the common counts in assumpsit and was brought, according to the bill of particulars, to recover a balance of $158.00 claimed to be due from the defendants to the plaintiff on account of salary. In addition to the general issue pleas the defendants filed a plea of set-off which averred that they employed the plaintiff as their agent to purchase furs during a specified period for a stipulated compensation of $700.00, out of which he was to pay his own expenses, and that the furs purchased by the plaintiff for the defendants were to be paid for with checks drawn by him as agent against a certain bank account opened by the defendants for that purpose, and that under their agreement the plaintiff was not at liberty to withdraw any of the designated funds in payment of his compensation, but that he made such withdrawals on his own account, contrary to the agreement, and that the total purchases made by the plaintiff for the defendants, together with the total amount paid him by them, and the amounts drawn by him from the deposited funds for his own account, aggregated the sum of $142.81 in excess of the amount of the value of the furs purchased by the plaintiff for the defendants and the amount of the compensation he was to receive for that service, and that the plaintiff was therefore indebted to the defendants to the amount of the excess stated, for which they claimed judgment.

To this plea the plaintiff replied in substance that according to his agreement with the defendants he was to receive $700.00 as his compensation and was also to be paid his expenses, and that he was permitted under the agreement to withdraw from the designated bank account funds to be applied to his expenses and compensation, and that the plaintiff did not make any withdrawals in excess of the amount he was entitled to receive, and that there was nothing due

and owing from the plaintiff to the defendants for which they were entitled to claim a set-off or judgment.

The primary issue upon which the case proceeded to trial under the pleadings mentioned was whether the plaintiff was to be reimbursed by the defendants for the expenses incurred by him in performing the duties of his agency. According to the evidence on both sides the defendants were indebted to the plaintiff if he was entitled to have his expenses paid, and the plaintiff was indebted to the defendants if he was to receive under the agreement nothing more than the stipulated compensation of $700.00. The verdict for $90.00 in favor of the plaintiff was a finding against the defendants' contention, and the judgment entered was conclusive as to their right to recover in this suit the amount claimed in the plea of set-off.

Where issue is joined upon such a plea it is provided by statute that "judgment for the excess of the one claim over the other, as each is proved, with costs of suit, shall be given for the plaintiff or the defendant, according as such excess is found in favor of the one or the other of these parties, if such excess be sufficient to support a judgment in the Court where the cause is tried according to its established jurisdiction, otherwise the finding of such excess to be due shall be sufficient *prima facie* evidence of the fact of indebtedness for such excess, as upon an award of arbitrators in a suit in a Court having jurisdiction to try and determine the same." *Code,* Art. 75, secs. 12 and 13.

It is further provided that: "Wherever, by reason of the verdict of a jury being below the jurisdiction of the Court in which the same is rendered, a judgment of *non pros.* is entered, the record of such judgment shall be a bar to any action founded upon the same cause of action in that or any Court, the limit of whose jurisdiction shall be greater than the amount of such verdict; but the amount of such verdict, less such cost as may be adjudged against the plaintiff, shall be a debt from the defendant to the plaintiff, recoverable in any Court that may have jurisdiction to that amount, or

before a justice of the peace, as the case may be; and a short copy of the verdict and judgment, with the legally taxed bill of costs, shall be conclusive evidence of the balance so recoverable." *Code,* Art. 26, sec. 17.

In view of these statutory provisions it is clear that so far as the present suit is concerned the judgment from which the pending appeal has been taken is a finality. It has been held that, by force of the section last quoted, such a judgment as the one here in question conclusively establishes the amount of the debt. *Berkley* v. *Wilson,* 87 Md. 223. It is, therefore, a proper subject of appeal unless the defendants are precluded from such action in this case by reason of the judgment having been rendered in their favor.

The filing of the plea of set-off placed the defendants in the position of plaintiffs with respect to the claim upon which the plea relies. Such a plea is "in form substantially equivalent to a declaration in a cross suit by the defendant against the plaintiff," and in his replication the plaintiff pleads precisely as he would to a declaration. 2 *Poe's Pleading and Practice,* sec. 825. If the defendants in this suit had established their contention to the satisfaction of the jury, they would have recovered a verdict and judgment for the amount of the claim stated in their plea. The judgment actually rendered, though in their favor, did not accord them the measure of recovery to which their plea of set-off was directed. While it is the general rule that an appeal cannot be taken from a judgment by a party in whose favor it was rendered, *Coates* v. *Mackey,* 56 Md. 420, yet an exception to this rule is recognized in cases where the judgment "is for less than the amount or short of the right claimed." 2 *Poe's Pleading and Practice,* sec. 825. The motion to dismiss the appeal must accordingly be overruled.

The rulings of the Court below to be reviewed are embraced in twelve bills of exception, of which eleven are concerned with questions of evidence and one with the granting and refusal of instructions to the jury.

We have discovered no error in any of the rulings as to the admissibility of evidence, and as no reference was made to any of them in the argument on behalf of the defendants we shall not discuss them in detail.

It appears by the twelfth bill of exceptions that one prayer was granted at the instance of the plaintiff, while of the fifteen presented by the defendants the 1st, 2nd, 7th, 8th, 9th, 10th, 11th, 12th, 14th and 15th were refused, the 3rd was conceded, the 4th, 6th and 13th granted and the 5th withdrawn. Special exceptions to the plaintiff's prayer were filed and overruled.

The prayer granted at the request of the plaintiff instructed the jury that if they should find from the evidence that the defendants employed the plaintiff as their agent for the purpose of purchasing furs for the defendants for the season of 1909 and 1910 and agreed to pay the plaintiff a salary of $700.00 and expenses, and that the plaintiff, in pursuance of this agreement, faithfully performed his duties as such purchasing agent, then the verdict should be for the plaintiff for the sum of $700.00 plus such expenses as the jury might find that the plaintiff reasonably incurred on behalf of the defendants, less such amount as the jury might find the plaintiff had already received on account of his salary and expenses and such unpaid checks as the jury might find to be outstanding; and the jury were further instructed that they might allow interest in their discretion on any balance found by them to be due from the defendants to the plaintiff.

The objections urged to this instruction are that there is no evidence legally sufficient to support it, and that according to the undisputed proof in the case the plaintiff did not faithfully discharge his duties under his agreement with the defendants. We are unable to sustain these objections. The plaintiff's contractual duty was to purchase furs for the defendants in Dorchester county and ship them to the latter in Baltimore. This duty was regularly and fully performed during the whole of the period covered by the agreement,

and there is nothing in the record to suggest that the service as rendered was not entirely satisfactory. The total cost of the furs purchased and shipped was $21,712.72, and the plaintiff's checks on the agency bank account and his drafts honored by the defendants and their cash payments to him aggregated $22.488.86. This total was subsequently increased to $22,638.61 by some checks issued by the plaintiff during the agency but not presented for payment until after its termination. The excess of the checks, drafts and cash payments credited to the defendants over the amount of the plaintiff's purchases for their account was $925.89. As against this the plaintiff charged the expenses incurred by him as agent amounting to $397.64, leaving a balance of $528.25 to be credited on the $700.00 salary. Upon the theory that the plaintiff was entitled to be reimbursed for his expenses the amount remaining due him from the defendants would have been $171.75. According to the opposite theory, he would be found to have been overpaid to the extent of $229.89. There was no contradiction in the evidence as to the items entering into the account between the parties, but there was proof tending to support each of the conflicting theories as to the question of liability for the agent's expenses. The plaintiff's granted prayer submitted to the jury from his point of view this controverted issue of fact, and in this respect the instruction was clearly correct.

The contention is made, however, that the plaintiff drew upon the agency fund in bank for his salary and expenses contrary to the understanding that these deposits should be used solely for the purchase of furs, and that some of the purchases were made by him from his own sons who had not reached their majority and who obtained the furs from animals trapped on lands leased by them from their father for a rental consisting of a share of the proceeds of their trapping operations. It is insisted that in these particulars the plaintiff's conduct was in violation of his contractual and fiduciary obligation. Such considerations do not in our judgment affect the present issue. If the defendants were in fact

indebted to the plaintiff to the extent he claims, they can certainly not be released from the unpaid balance of the debt simply because a part was satisfied out of the agency fund and not by their direct remittance; and as there is no indication that the defendants were prejudiced in any way by the purchase of furs from the sons of the plaintiff, we are unwilling to hold that merely because their minority would have entitled their father to the proceeds of the labor they expended in this enterprise, the defendants should be relieved of their liability to pay for the service which the plaintiff rendered and which they accepted. The objections both general and special to the granted prayer of the plaintiff were properly overruled.

By the defendants' granted prayer the jury, after being advised that the burden of proof was on the plaintiff, were instructed that if they found from the evidence that the compensation agreed upon was $700.00, out of which the plaintiff was to pay his own expenses, and that the sums drawn by the plaintiff by checks signed by him as agent, together with amounts received from the defendants in drafts and cash, exceeded the cost of the furs delivered by the plaintiff to the defendants, then the verdict of the jury should be for the defendants for an amount equal to such excess. They were further instructed that if they should find that the defendants directed the plaintiff to draw no money for his own use or for his expenses from the bank account mentioned in the evidence, and that contrary to this direction the plaintiff did make withdrawals for his own use or expenses, and by reason thereof the defendants suffered a loss equal to the amount claimed by the plaintiff, then the verdict should be for the defendants; and if the jury further found that the amounts paid by the defendants on account of the checks drawn by the plaintiff on the bank deposits in question, together with the amounts paid by the defendants to the plaintiff and the total amount of the unpaid checks shown by the proof, in the aggregate exceeded the cost of the furs delivered to the defendants by the plaintiff and the

compensation which the plaintiff was to receive from the defendants, then the verdict should be in favor of the defendants for the amount of such excess.

The instructions thus granted upon the application of the defendants fully and fairly submitted every aspect of the case which they were entitled to have the jury consider, and, therefore, if the other prayers offered by them had been sound in principle and correct in form, they would have been superfluous, and the refusal of the Court below to grant them could not have been held to constitute injurious error. But all the rejected prayers are objectionable in theory. The 1st denied the legal sufficiency of the evidence to entitle the plaintiff to recover. The 2nd sought to make an issue of the purchase of furs by the plaintiff from his sons, and the 9th, 11th and 12th are open to this and the additional objection, which is common also to the 7th and 8th, that they assume as a fact that the plaintiff drew money from the agency bank account for his own use, although there was no evidence to show that he made any such withdrawals for his individual purposes as distinguished from his expenses as agent of the defendants. The 10th prayer, notwithstanding the absence of any proof to support such an issue, would have submitted to the jury the question, among others, as to whether the plaintiff withdrew money from the deposited funds for his own uses and purposes. The 14th prayer directed a verdict for the defendants on the ground that the plaintiff had not charged himself with all the checks issued by him as agent of the defendants, whereas the record shows that all the outstanding checks mentioned in the evidence, which were chargeable to the plaintiff, were properly taken into account at the trial. The 15th prayer proposed to instruct the jury that the checks to be credited on the plaintiff's claim would reduce the amount below the jurisdiction of the Court and the verdict should therefore be for the defendants. This last prayer was plainly contrary to the theory of the statute we have quoted. (*Code,* Art. 26, sec.

17), and the construction it has received in *Williams* v. *Fredlock Mfg. Co.,* 94 Md. 111.

We concur in all the rulings presented by the record before us, and the judgment will be affirmed.

*Judgment affirmed, with costs.*