## ISAAC H. BLANCHARD

*v.*

## RACHEL NEILL.

[Decided July 30th, 1914.]

1. A complainant who has received less than the relief demanded, or a defendant who has not been accorded the full amount of his set-off or counter-claim, is aggrieved by the judgment, and may sue out a writ of error to review the same, though it is in his favor.

2. Where a suit for injunction involved the trial of an issue of title which was determined both by a verdict and finding in favor of defendant, the complainant will not be granted a final decree as against an application by defendant to have the issue of title tried at law.

On application of complainant for final decree and of defendant for leave to bring suit at law.

*Mr. William A. Lord,* for the complainant.

*Mr. Thomas A. Davis,* for the defendant.

EMERY, V. C.

So far as I have examined the authorities cited by complainant on the right of a party to bring writ of error on a judgment in his own favor, they are all cases where the judgment was rendered, either for the plaintiff-appellant on his claim or the defendant (appellant) on his set-off, and the judgment was less than the amount appellant claimed he was entitled to. In such cases the appellant is clearly "aggrieved" by the judgment in his favor. *Parker* v. *Newland (1841), 1 Hill 87; Ingalls* v. *Lord (1823), 1 Cow. 240; Johnson* v. *Jebb (1772), 3 Burr. 1772.*

In *Capron* v. *Van Noorden (1804), 2 Cranch 126,* the verdict and judgment was in favor of the defendant in error, not in favor of the plaintiff in error.

The right to a review by writ of error in the suit of the ruling of the trial judge against the defendant on the question of title is so doubtful that I do not think he should be required to pursue this remedy. But if he does not do so, he must abide by the effect of this verdict and judgment as *res adjudicata* upon the matter of title, if it should be held to have this effect, and I have no right to require complainant to abandon this benefit of his suit, if he be entitled to it. Defendant should, however, in my judgment, be allowed to bring an action to settle the disputed question of title, in such manner as he may be advised, and this permission is given, in order that an opportunity may be afforded to him of carrying the disputed question of title to an appellate court, if, notwithstanding the judgment, he still has that right. I do not consider that a permanent injunction settling the title, on the basis of the judge's ruling, should be granted without giving this opportunity, if defendant desires it. The action, however, should be brought and prosecuted without delay.

An order will be advised directing that the cause stand over until September 15th, 1914, and that if within thirty days the defendant commence an action at law against the complainant to settle defendant's disputed title and prosecute said action, then the defendant have a right to apply that the cause stand over to await the determination of said action, and upon failure to bring the said action within said time and prosecute the same, that complainant have leave at said time to apply for final decree in this cause.

Order may be presented for settling on July 31st, unless agreed on.