VIRGINIA JANE RILEY *v.* NELL R. NAYLOR

[No. 6, October Term, 1940.]

*Decided December 17th, 1940.*

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Leonard Weinberg* and *Louis Silberstein,* with whom were *Everett L. Buckmaster* and *Weinberg & Green* on the brief, for the appellant.

*Walter V. Harrison,* for the appellee.

4

PARKE, J., delivered the opinion of the Court.

Virginia Jane Riley, an infant of the age of fifteen years, and her father, were riding, on November 13th, 1938, in the automobile of a third party on their way to the office of Dr. Oliver F. Blaker, a chiropractor, to have him recommend an oculist to examine the girl's eyes. The automobile was struck and the impact of the other automobile with which it was in collision threw the girl forward so that her head struck and broke the windshield. She was dazed by the blow and was nervous and hysterical when she was taken to Dr. Blaker's office. She complained of her back hurting, and the doctor took an X-ray picture of her spine and massaged it. She then left for her home and was later treated for a spinal condition and for nervous and mental developments whose origin became a controversial issue.

On January 30th, 1939, an action in tort was brought in the name of the infant, by her father and mother as next friends, against Nell R. Naylor, the owner and operator of the other automobile, to recover damages alleged to have been sustained by the girl as a result of the defendant's negligence. The case was tried and the jury found for the plaintiff and fixed the damages at $750. The plaintiff filed a motion for a new trial, which was denied. A judgment was duly extended on a verdict for the plaintiff, and she has appealed from this judgment.

The errors assigned are three adverse rulings on the testimony, and one on the granting of the defendant's prayer on the measure of damages. The first bill of exceptions was to the refusal of the court to admit in evidence a paper writing on which was entered the result of an examination of the girl made by her teacher of music after the accident and several months before the trial of her action for damages. The record does not contain the paper writing and no proffer indicates its evidential quality, so the materiality of its contents does not sufficiently appear for this court to pass upon whether, if admissible in form, its exclusion was prejudicial. The witness testified fully in reference to the girl's relative .

physical and mental condition and her musical aptitude and application before and after the injury. The memorandum was not produced to refresh his memory, and his independent recollection was the best testimony of what he knew. Under the circumstances, there was no error in the ruling.

2. The second exception is likewise without substance. The chiropractor to whom the girl was taken after the collision, was testifying to her condition and to his examination and immediate treatment, and he was asked in chief if she had made any complaints to him. This question was ruled objectionable and an exception was noted. Nevertheless the witness replied to the inquiry and stated what were the patient's complaints in his response to this and to other like interrogatories. So, the ruling excluded nothing of this import.

3. The third and final ruling on the testimony to which an exception is reserved occurred towards the close of the testimony of a specialist in nervous and mental diseases, who after an examination in September, 1939, expressed the opinion that the condition of the girl was not attributable to any physical trouble but to her nervous state. He was then subjected to a cross-examination which developed fully the reason for this opinion. The specialist said that she was in a condition that she could not face her problems, as the pending damage suit, with its worry, anxiety and uncertainty. At this stage, the cross-examination assumed this form:

"(Mr. Weinberg) May I look at the papers in this case —suit seems to have been brought by Mr. Silberstein for the father in this case on the 30th of January, 1939— certainly from the evidence in the case there is nothing to show her condition during November, December and January was due to any impending litigation, was there?"

The question was rightly rejected. Its form is objectionable. Its inaccuracy is not vital, but it is argumentative, and asserts positively the interlocutor's conception of the effect of all the evidence, and then asks the witness

if the evidence shows anything to the contrary. Again, the witness knew nothing of the girl's condition during November, December and January, 1938-1939, and had not seen her until September, 1939. His example was in reference to the strain of the case on trial. Although it does not appear that the specialist had heard all the testimony, and, even if he had, he is improperly required to make a synthesis of all the evidence in the case, and then express his opinion as to what that testimony established in respect of a particular fact.

4. The plaintiff submitted three prayers at the close of the case and all were granted as presented. The defendant offered two prayers, and the court granted the second one, and the record is in a state of confusion with regard to the action taken on defendant's first instruction. At the foot of this first prayer, there is endorsed "Not ruled on." Nevertheless, after all the prayers are incorporated in the record with the notation "granted" on all except the defendant's first prayer, there appears this statement: "The Court granted the plaintiff's 1, 2 and 3 prayers and the defendant's 1 and 2 prayers." Counsel agreed that the bills of exceptions are true and correct, subject to the verification by the clerk of the prayers, and the court signed the statement: "The foregoing Bill of Exceptions approved this 10th day of April, 1940."

Defendant's second prayer is on the burden of proof and is not a matter of contention, so whether the court approved or did not rule on this prayer is immaterial, as whether granted or rejected the plaintiff was not hurt.

The parties have prepared their briefs on the assumption that an exception was reserved to the action of the court in granting the defendant's second prayer. There is, however, no exception reserved to the ruling of the court on this prayer and the court cannot consider an objection now. 2 *Poe, Pl. & Pr.* secs. 317, 319; *Nichols v. Meyer,* 139 Md. 450, 456, 115 A. 786.

It may be said that the prayers granted on the part of the plaintiff put her case adequately with reference

to the right of recovery and the measure of damages. The prayer on damages instructed the jury that in estimating the damages the jury should consider the health and condition of the plaintiff before the injuries complained of in comparison with her subsequent condition in consequence of said injuries, and also the physical and mental suffering to which she has been subjected by reason of these injuries; and that the jury should find such damages as in its opinion will be fair and just compensation for the injuries which the jury may find she has sustained. *Baltimore City Pass. Ry. Co. v. Kemp,* 61 Md. 74; *Epstein v. Ruppert,* 129 Md. 432, 440, 99 A. 685; *Washington & Rockville Rwy. Co. v. Sullivan,* 136 Md. 202, 205, 110 A. 478; *East Baltimore Transfer Co. v. Goeb,* 140 Md. 534, 535, 118 A. 74; *Brown v. Patterson,* 141 Md. 293, 118 A. 653; *Ottenheimer v. Molohan,* 146 Md. 175, 183, 126 A. 97.

The prayer is of standard form and is comprehensive and inclusive of all the elements which should enter into the estimate of damages recoverable. While the accent is on the variety and scope of the elements that may be considered, the prayer requires that every form of the permitted damages is in proximate causal connection to the injuries sustained. The adaptability of this instruction to various and numerous conditions requires general and flexible terms, which acquire their requisite measure of certainty by the necessity of their nature and certain relation to particular wrongful injuries. It is, therefore, helpful and permissible that a larger measure of definiteness be given by other cautionary instructions to inform the jurors more specifically the circumscribed mode and boundaries of their award of damages. So, under proper circumstances, the jury may be appropriately advised, as for instance, that the plaintiff is to be allowed only such damages as have been affirmatively proved with reasonable certainty to have resulted as the natural proximate and direct effect of the injury; or that the chain of causation as to some claimed elements of damage may be broken by the subsequent intervening negligence

of the plaintiff, or that the jurors may not indulge in speculation and conjecture in arriving at their conclusion, but must be governed by the evidence and the reasonable inferences which may be rationally deducible. *United Rys. & Elec. Co. v. Dean,* 117 Md. 686, 692, 697, 701, 84 A. 75; *New Theatre Co. v. Hartlove,* 123 Md. 78, 81, 86, 90 A. 990; *Green v. T. A. Shoemaker & Co.,* 111 Md. 69, 82, 73 A. 688.

The defendant's second prayer is clearly intended as advisory and cautionary. While parts of the prayer are not artificially expressed, the prayer, when read as a whole, excluded no element of damages for which the plaintiff was entitled to recover, and worked no prejudice to the plaintiff in view of the plaintiff's granted third prayer.

The prayers granted submitted the case fairly and adequately to the jury, and there is found no reversible error. There is, however, a question of procedure which should not be overlooked. The verdict of the jury and the judgment extended is for the plaintiff. As a general rule, the party in whose favor a verdict is rendered and the judgment entered is not aggrieved, and has no right of appeal. It was so held in *Coates v. Mackey, Admr.,* 56 Md. 416, 420; *Ringgold v. Barley,* 5 Md. 186, 195. See *Lindheimer v. Illinois Bell Telephone Co.,* 292 U. S. 151, 176, 54 S. Ct. 658, 78 L. Ed. 1182, 1197; 4 *C. J. S.,* title Appeal and Error, sec. 183 (3), pp. 359-361; *Maxwell Hardware Co. v. Foster,* 207 Cal. 167, 277 P. 327. In 2 *Poe, Pl. & Pr.,* sec. 825, the general rule is recognized, but it is declared subject to an exception in the event the judgment "is for less than the amount or short of the right claimed." And this qualification is adopted in *Baer v. Robbins,* 117 Md. 213, 225, 83 A. 341; *Shoop v. Fidelity & Dep. Co.,* 124 Md. 130, 134, 91 A. 753; *Jenkins v. Spedden Packing Co.,* 136 Md. 637, 642, 111 A. 136; *Rider & Trotter v. Gray,* 10 Md. 282, 300; *Shaheen v. Hershfield,* 247 Mass. 543, 142 N. E. 761; *Blanchard v. Neill,* 83 N. J. Eq. 446, 91 A. 811; *United States v. Dashiel,* 3 Wall. 688, 18 L. Ed. 268, 270.

It will be found that the statement that the plaintiff may appeal from a judgment in his favor if it "is for less than the amount * * * claimed" is supported by decisions of this court where the amount claimed arose *ex contractu* and was susceptible of computation by the jurors. And even there, the question must be raised in a manner that is consonant with approved practice before the complaint of inadequacy of verdict will be entertained to show injury. The further observation is in point that, in an action *ex delicto* for personal injuries sustained, neither the plaintiff nor the jury has, generally, a stable basis for a computation of the damages but, at best, the claim and verdict must be an estimate of opinion.

Merely a wide difference between the amount of damages laid in an action in tort for personal injuries and the amount awarded by the verdict of the jury affords no basis for an appeal by the plaintiff. It has long and uniformly been held that this appellate court has no right to decide on the adequacy or indacquacy in amount of a verdict by the jury. After a verdict is rendered, the court has the discretionary power to set aside the verdict and grant a new trial, if in the interest of justice. The action of the trial court in the exercise of this authority is not assignable as error on appeal. *Chiswell v. Nichols*, 139 Md. 442, 444-446, 115 A. 790; *Balto. & O. R. Co. v. Brydon*, 65 Md. 198, 230, 3 A. 306, 9 A. 126; *Stern v. Bennington*, 100 Md. 344, 60 A. 17; *New & Sons v. Taylor*, 82 Md. 40, 41, 42, 33 A. 435; 2 *Poe, Pl. & Pr.*, secs. 349, 826-831.

Thus it appears that something more than a claim of damages laid in the *narr.* in excess of the amount actually awarded by the jury, is necessary to the plaintiff's right of appeal. There must be error as well as a verdict less than the damages laid in the declaration, and that error must be in proximate and causative relation to the damages recoverable. *Supra.*

In this particular case the plaintiff's right of action was not denied nor injuriously affected, but the testimony offered in support of her cause of action went to

the jury without prejudicial error against her. The prayer, which was submitted by the plaintiff, and granted by the court, in reference to the measure of damages that the plaintiff was entitled to be allowed, embraced every element of recovery to which she was entitled. Nor did the defendant's cautionary prayer on the finding of damages deny nor restrict improperly the plaintiff's prayer on that subject.

There is nothing on the record to take this case out of the operation and effect of the general rules here stated. For the reasons given, the appeal must be dismissed and the judgment affirmed. Compare annotations in 40 *Ann. Cas.* pp. 384-449.

*Appeal dismissed, and judgment affirmed,*
*with costs to the appellee.*