**Donnetta McKay JAMISON and Clarence McKay and Daniel Jamison**

v.

**Lois M. SHEPARD.**

Supreme Judicial Court of Maine.

Nov. 6, 1970.

Sumner H. Lipman, Augusta, for plaintiffs.

Joseph B. Campbell, Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, MARDEN, WEATHERBEE and POMEROY, JJ.

MARDEN, Justice.

On appeal. The factual situation out of which this appeal arose occurred during trial involving alleged negligence of the defendant resulting in consequential damages to the plaintiffs. By Chapter 424 P.L. 1965, now 14 M.R.S.A. § 156, the doctrine of comparative negligence was added to our statute. This statute abrogated our law of contributory negligence, which prevented recovery by a plaintiff in any degree negligent, and provided that in cases of fault on both plaintiff and defendant, such claims should not be defeated by reasons of the fault of the persons suffering the damage "but the damages recoverable in respect thereof shall be reduced to such extent as the jury thinks just and equitable having regard to the claimant's share in the responsibility for the damage." The statute also provided that if it were determined by the jury that the plaintiff's causal fault was equal to that of the defendant, that plaintiff should not recover.

Under this statute it was a practice to adopt one of two procedures, either (a) submit a form of a verdict to the jury in which the total damage assessed was to be entered and if the plaintiff were found guilty of causal fault to reduce the total damage "by _____ dollars and _____

cents which the Jury deems just and equitable, having regard to the claimant's share in the responsibility" for his injuries, or (b) a form in which the jury was to report total damages and record in percentage terms the degree of causal fault on the part of the plaintiff. Upon return of such verdicts the Court made the deduction or computation and deduction and entered judgment in favor of the plaintiff for the remainder.

By Chapter 399 P.L.1969, effective October 1, 1969, this statute was amended to provide that the Court:

"(S)hall instruct the jury to find and record the total damages which would have been recoverable if the claimant had not been at fault, and further instruct the jury to reduce the total damages by dollars and cents, and not by percentage, to the extent deemed just and equitable, having regard to the claimant's share in the responsibility for the damages, and instruct the jury to return both amounts with the knowledge that the lesser figure is the final verdict in the case."

The statute directed that the trial judge read its provisions to the jury. This amendment was in effect at time of trial.

The effect of this change was to direct the jury to make the deduction and return a verdict in which the "lesser figure" (remainder) governed for purposes of judgment. In this case the instructions to the jury were equivocal inasmuch as the jury was instructed to indicate the amount *by which* the total damage was to be reduced, and also had read to them the instruction required by Chapter 399 P.L.1969, compliance with which would have reflected deduction by the jury, with the "lesser figure" to be the final verdict in the case.

The jury was submitted the form (a) of verdict used by some Justices under the 1965 Act. No objections were expressed to either the instructions or the form of verdict given to the jury.

The jury returned a verdict assessing total damage for the plaintiff in the amount of $576.55, found that the plaintiff was guilty of contributory negligence and reduced "the total damages by 333 Dollars and 80 Cents which the jury deems just and equitable, etc."

The presiding Justice within the practice under the 1965 Act deducted $333.80 from the total damage and directed entry of judgment for the plaintiff in the amount of $242.75. This was consistent with the form of the verdict but contrary to the 1969 amendment to the Act.

The defendant filed a motion to vacate judgment and for a new trial, pending which the defendant agreed to the entry of judgment in the amount of $576.55, the total damage assessed by the jury, and judgment was accordingly ordered in that amount.

Plaintiff appeals, contending that by reason of the obvious confusion on the part of the jury the verdict should not stand.

It is obvious that if the jury fixed the amount of $333.80 as the amount by which the total damages were to be reduced under the 1965 law, such conclusion reflects a finding that the plaintiff was more negligent than the defendant and would be entitled to recover nothing.

It is obvious that if the jury fixed the amount of $333.80 as the remainder after reducing the total damage by an amount corresponding to the causal fault of the plaintiff under the 1969 law the final verdict of the plaintiff should have been entered in the amount of $333.80.

However, a party's right to appeal from a "judgment, ruling or order" in the Superior Court (14 M.R.S.A. § 1851), must be based upon "aggrievance" by such judgment, ruling or order.

For aggrievance by a judgment or order, such judgment or order must operate prejudicially and directly upon a party's property, pecuniary or personal

rights. Dubinsky Brothers, Inc. v. Industrial Commission of Missouri, 373 S.W.2d 9, 12 (Mo.1963), see also Pierro v. Pierro, 434 Pa. 131, 252 A.2d 652, 653 (1969); Tyler v. Board of Zoning Appeals of the Town of Woodbridge et al., 145 Conn. 655, 145 A.2d 832, 835 (1958); Howard Savings Institution of Newark, New Jersey v. Peep et al., 34 N.J. 494, 170 A.2d 39, 41 (1961); Riley v. Naylor, 179 Md. 1, 16 A.2d 857 [9], 860 [13], 861 (1940); Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192 [4], 193 (1940), and Bowles v. Dannin, 62 R.I. 36, 2 A.2d 892 [4], 895 (1938).

It is not contended that the instructions to the jury as to damages were faulty or that the total damages assessed by the jury were inadequate, and the entry of judgment in the full amount by consent of the defendant gives the plaintiffs everything to which they are entitled. They are not aggrieved.

Appeal denied.