ANDERSON v. AMERICAN STATE BANK.

Opinion delivered December 10, 1928.

R. S. *Wilson*, G. C. *Carter* and *Linus A. Williams*, for appellant

A. N. *Hill* and T. A. *Pettigrew*, for appellee.

MEHAFFY, J. The appellee filed its petition in the Franklin Circuit Court for a writ of mandamus to compel the appellant, as treasurer of Franklin County, to pay out of the highway improvement funds of said county one thousand dollars to cover a warrant held by said bank, dated April 19, 1926, said warrant being as follows:

"No. 388 $1,000.00

"The Treasurer of County of Franklin, State of Arkansas:

"Pay to Central City Coal Company or bearer one thousand and no/100 dollars, out any money in the treasury for county highway improvement fund.

"Given at Ozark this 19th day of April, A. D. 1926.

"By order of county court.

"Record Book V, page 78.

"Troy Trotter, Clerk."

It is alleged that the county court entered into a contract with the Central City Coal Company to purchase a five-ton Holt tractor, and agreed to pay therefor the sum of $2,675 as follows, to-wit: $675 to be paid July 19, 1926, $1,000 to be paid July 10, 1927, $1,000 to be paid July 10, 1928.

It was alleged by appellee that the Central City Coal Company presented its claim in the manner required by law, and, after due examination, the court rendered its judgment that the said claim, $2,675, be allowed, and that warrants be issued therefor, payable out of the Franklin County highway fund. It was also alleged that the $2,675, together with the other contracts made during the year 1926, would not exceed the revenues of said

year; that the warrants were issued, and that in due course of business the appellee became the owner and holder of warrant No. 388 for $1,000, and that the appellant treasurer refused to pay said warrant when presented.

The appellant answered, alleging that the contract was void because at the time of making the contract the revenues for the year 1926 had been expended, and that there were outstanding contracts and obligations created in that year which, if applied to their payment, would have exhausted the revenue for that year. Second, that the county court was without jurisdiction to enter into a contract for the purchase of road machinery in which payments were to be taken from the highway fund for the year 1927 or the succeeding year. Third, that the county court was without authority to make a contract, because there had been no appropriation made by the quorum court. Fourth, that act 145 of the Acts of 1925 prohibits the expenditure of highway funds for any purpose other than building and maintaining highways within the county.

The court heard the testimony, and gave judgment for the appellee, directing the treasurer to pay the warrant.

The evidence shows that there was no appropriation made by the quorum court, and it also shows that this was to be paid out of the highway fund, and that there was sufficient funds on hand with the treasurer belonging to this fund to pay for the tractor, and sufficient funds on hand belonging to said highway fund to pay this warrant at the time it was presented to the treasurer, and at the time the case was tried.

Appellant's first contention is that the contract was void because it exceeded the 1926 revenue, and cites and quotes at length from the case of *Dixie Culvert Co.* v. *Perry County*, 174 Ark. 407, 294 S. W. 381. If this contract had been made by the county court, payable out of county funds, appellant's contention would be correct, because, as said in the Perry County case: "A county

cannot incur any obligation in any year exceeding the revenues of that year, and, if this is done, such obligations are void, and cannot be paid out of the revenues of a succeeding year.''

The cases involving this question decided prior to the Perry County case are cited in that case, and it is useless to refer to them here. We might repeat, however, that any order of a county court or any contract made by the county court, which exceeds the revenue for that year, is void. That, however, means a contract to be paid out of the revenues of the county; and, as this court has construed Amendment No. 11, any contract made that is in excess of the revenue for that year, and a contract of the kind involved in this case, if payable out of the revenues, could not be made payable out of the revenues of the succeeding years. This fund which the treasurer had on hand and out of which this warrant should have been paid was a part of the State revenue, a part of the State highway fund.

Section 6 of act 5 of the extraordinary session of the Legislature of 1923 provides:

''There is hereby created a special fund in the State Treasury, to be known as the State highway fund, and hereafter all fees collected in the State Land Office, the State's portion of all automobile fees, licenses and privilege taxes, gasoline tax, motor oil tax, and other moneys received by the State from owners of motor vehicles in connection with the use of public roads, shall be paid into this fund. All funds now in the treasury in the highway improvement fund and any other funds which have been derived by the State from fees in the State Land Office from licenses on motor vehicles and from gasoline tax shall be and the same are hereby transferred into the State Treasury and made a part of said fund.''

Section 21 of said act, as amended by act No. 147 of the Acts of 1925, provides that the State Highway Commission shall of this fund allot each year the sum of three million dollars, or so much thereof as is available, to the respective counties on the basis that the popula-

tion of each county bears to the population of the State of Arkansas, as shown by the last official census, and provides that each county's portion thus set aside shall be paid by the Treasurer of the State in the manner and for the purpose specified for each county. Under that act 75 per cent. of that received by Franklin County was for the county highway improvement fund.

- The same section provides that, in those counties where all of the county's apportionment is paid into the county highway fund, the quorum court shall have authority to set aside such part of the county's apportionment as may be necessary to be applied as a part payment of bonds, etc. That section, however, has no application here, because Franklin County is not one of the counties where all of the county's apportionment was paid into the county highway fund.

Section 1 of act No. 147 also provides, in speaking of the fund allotted to the county:

"The funds thus paid into the county highway improvement fund shall be by the county court expended upon the public highways of said county, and it shall be the duty of the county court to fairly and equitably apportion the funds so paid into the county highway improvement fund, at the option of said court, among the various road districts and road improvement districts, or road districts only, in said county, for the purpose of constructing and maintaining a road, whether hard surfaced or earth road, and such apportionment shall be made by the county court, after taking into consideration the relative importance of the roads in said county."

It will be seen by a reading of these acts that the fund out of which this claim was to be paid was not county revenue, but State revenue, and that the State turned this over to the county with the provision in the law that it was the duty of the county court to apportion the funds for the purpose of constructing and maintaining roads. And it expressly states that such apportionment shall be made by the county court after taking into

consideration the relative importance of the roads in said county. Certainly the quorum court would have nothing to do with this. In making contracts for constructing or maintaining a road, or to pay for such material as was necessary to use in constructing and maintaining the road, to be paid out of this fund derived from the State revenue, the county court alone, and not the quorum court, must make the apportionment, so that the making of the contract in this case, whether it exceeded the revenue or not, is not controlled by the case of *Dixie Culvert Co.* v. *Perry County, supra,* nor is it controlled by any of the decisions of this court construing Amendment No. 11.

The warrant itself shows that this claim was to be paid out of the highway fund derived from the State revenue, and it could not be paid out of the general revenues of the county. It was not the intention that it should be so paid, and, for that reason, the revenue of the county derived from taxation and the expenditures of the county are immaterial here. The county court would have had a right to make this contract if it required all of this fund to make the first payment, and have provided for the deferred payments to be made in the following years out of this fund. The seller, of course, would take the chance of getting it out of this fund, the risk of whether there would be any fund on hand to pay it, but it certainly could not affect the general revenues of the county.

It is next contended that the county court was without authority to order the issuance of county warrants, or to make contracts creating obligations of the county without there first having been an appropriation properly made by the quorum court. As we have already shown, the quorum court had nothing to do with it. The appropriation was made by law. The law itself provides that 75 per cent. of the highway fund turned over to Franklin County is to be expended on the highways, and the county court is prohibited from spending said fund for any other purpose. The quorum court would have

no authority to make an appropriation. The law itself provides that this revenue, derived from State taxation and turned over to the county, shall be expended on the highways. That is an appropriation made by law of the 75 per cent. of Franklin County's apportionment, and this warrant could not be paid out of any other fund.

This court said, in construing the act fixing a stenographer's salary:

"That this salary was to be paid out of a fund provided by the act for its payment; that it cannot be paid out of any other fund. It follows necessarily that, where there are not sufficient funds in the treasury of a county accumulated and set apart, as provided by the act, to meet the *pro rata* for that county as adjusted by the presiding judge, the salary of the stenographer is lessened *pro rata*. In other words, the stenographer must look alone for his salary to the fund set apart for that purpose." *Franklin County* v. *McRaven*, 67 Ark. 562, 55 S. W. 930.

So in this case the owner of the warrant must look alone to the highway fund in Franklin County for its payment. The holder of the warrant could not look to any other fund, and it could not be paid out of any other fund, and the quorum court could not appropriate the highway fund for any purpose other than the construction and maintenance of a highway.

But it is contended by the appellant that the act itself forbids the use of the highway fund for any purpose except building and maintaining county highways, and that the purchase of machinery would be in violation of the act. The act provides that the fund is for the purpose of constructing and maintaining the roads, and that the court shall take into consideration the relative importance of the roads in the county. It would be impossible to construct and maintain highways without machinery. And the evident purpose of the act appropriating funds to roads and highways in the county was that the roads and highways might be constructed

and maintained, and this could not be done without the purchase of certain machinery. If this fund could not be used in buying machinery, it could not be used in buying material nor employing labor. It therefore appears to us that it was the intention of the Legislature to authorize the expenditure of this fund in the construction and maintenance of roads in the county, and that to do this they might purchase whatever material or machinery was necessary to accomplish the purpose.

It is next contended by the appellant that the proof fails to establish that the revenues had not been expended or that the contract did not exceed the revenues of the year in which the contract was made. As we have already said, this applies to county revenues, and not to the expenditure of the highway fund which comes from State revenue, and it is therefore immaterial as to who had the burden of proof. The undisputed proof shows that the treasurer had on hand, belonging to the highway fund, a sufficient amount to pay this warrant, and the circuit court correctly held that it should be paid out of this fund.

The judgment is therefore affirmed.