BURKE *v.* GULLEGE.

Opinion delivered October 12, 1931.

*Moore, Daggett & Burke,* for appellant.
*Jo M. Walker,* for appellees.

Kirby, J., (after stating the facts). The contention that this court is without jurisdiction to review the judgment appealed from, because the county treasurer against whom the original mandamus was sought and finally

ordered did not appeal, is without merit. The county treasurer responded to the petition alleging that she was only a nominal party, and asked that the county judge and the county be made parties in order that the interests of the taxpayers and the county could be protected, and an order was made making them parties for the purpose of defending the suit upon their appearing and asking that it be done. The suit then proceeded as though the county judge and county were the only parties defendant and without regard to whether the judgment pronounced was against them as such, or an order directing the treasurer to pay the warrant, it was but a judgment in fact against the county and from which the county judge could appeal as was done. Section 2293, Crawford & Moses' Digest; *Ouachita County* v. *Rolland,* 60 Ark. 516, 31 S. W. 144.

It was the duty of the judge of the county court to defend, since the interest of the taxpayers was affected by the litigation, the treasurer having refused to defend against it, and he could either have done so for the treasurer in his name or by becoming a party thereto as was done herein.

The undisputed testimony shows that the warrants issued were in excess of the county revenues of the year in which they were issued and upon a fund which was composed of revenues of the county derived from various sources, as well as from the turnback from the State Highway Fund. Such being the case the warrants were void within the prohibition of the Constitutional Amendment No. 13, as has been repeatedly held by this court. *Nelson* v. *Walker,* 170 Ark. 170, 279 S. W. 11; *McGregor* v. *Miller,* 173 Ark. 459, 293 S. W. 30; *Luter* v. *Pulaski County Hospital Assn.,* 182 Ark. 1099, 34 S. W. (2d) 770. In the last cited case many cases on this question were reviewed, and the court there held that the amendment should be construed as it reads—literally.

In *Anderson* v. *American State Bank,* 178 Ark. 652, 11 S. W. (2d) 444, it was held, however, that a warrant could be issued under a contract to be paid out of the

Highway Fund derived from the State revenues if it required all of such funds on hand to make the first payment with the deferred payments to be made in the following years out of such fund, the creditor taking a chance of getting the money due him out of the fund after it came into the county treasury. These warrants having been issued to be paid out of the "Special County Road Fund," which was composed largely of county revenues, were void, and the court erred in not so holding. Since, however, under the law the county was entitled to certain income from the State Highway Fund to be returned to it under said act of the Legislature (act 63 of 1931), the county court was authorized to make the contract for the payment of these supplies out of such fund, as it did in fact do herein, and the creditor or holder of warrants held void as issued against the revenues of the county contrary to the provisions of the said amendment No. 13 to the Constitution was entitled to payment of his said claim out of such fund when returned to the county treasury, and the right to such payment is not affected by the holding of the warrants, wrongfully issued as already indicated, invalid.

The warrants being void as issued for an amount in excess of the revenues of the county for the fiscal year, the court erred in holding otherwise, and in directing a mandamus to compel their payment. The judgment is reversed accordingly, and the cause dismissed.