OGDEN *v.* PULASKI COUNTY.

4-2708

Opinion delivered October 24, 1932.

*Brickhouse & Brickhouse,* for appellant.

*Carl E. Bailey* and *Fred A. Donham,* for appellee.

SMITH, J. Pulaski County entered into a contract for the construction of a county road with appellants, under which contract there was due the sum of $13,229.51. A claim therefor against the county was disallowed by the county court on August 31, 1931, for the reason that there were no county funds available for its payment. The circuit court so found upon an appeal from the disallowance order by the county court, and the judgment of the circuit court, from which is this appeal, recites that the claim was disallowed for the reason that the condition of the county's finances would not permit its payment, under amendment to the Constitution, No. 10, 184 Ark., page XXIX.

The provisions of this amendment No. 10 have been construed so frequently and so recently that it must now be treated as definitely settled that it is not within the power of a county court to allow any claim against the county, however just and meritorious it may be, when, by such allowance, the total revenue for the current fiscal

year, from all sources, will be exceeded. *Pulaski County v. Board of Trustees, ante* p. 61.

The case of *Burke* v. *Gulledge,* 184 Ark. 366, 42 S. W. (2d) 397, arose under very similar facts. In that case allowances were made against Phillips County on account of the construction cost of certain rural roads, in payment of which warrants were drawn on the "Special County Road Tax Fund." At the time the allowances were made, the county's expenditures had exceeded its revenues for the then current year. The "Special County Road Tax Fund," against which the warrants were drawn, was composed of revenues derived from several sources, the three-mill road tax being a part thereof, as was also the county's proportionate part of the "State Turnback Money," which last-named fund was derived by the county under the appropriations made pursuant to act 63 of the Acts of 1931 (Acts 1931, page 171). It was held, in this Burke case, *supra,* that the allowance of a claim against a county was void when, by such allowance, the total revenues for the current fiscal year, from all sources, were exceeded, and the judgment of the circuit court directing the payment of such a claim against the county was reversed.

It was pointed out, however, in the Burke case, *supra,* that it had been held in the case of *Anderson* v. *American State Bank,* 178 Ark. 652, 11 S. W. (2d) 444, that amendment No. 10 did not apply to funds paid over to the counties by the State pursuant to the act 63 of the Acts of 1931, as that fund was not county revenue within the meaning of the amendment. It was therefore held, in the Burke case, *supra,* that, while the demands there involved could not be allowed against the county and paid out of county funds, it might be allowed and paid out of the county turnback money derived under the act of 1931, as a gratuity from the State.

The present appeal may be disposed of, however, by holding, as we do hold, that the claim against the

county was properly disallowed by reason of the inhibition of amendment No. 10, above recited.

The judgment of the court below must therefore be affirmed, and it is so ordered.