**ONION, Justice of the Peace, v. CAIN, Constable.**

No. 9288.

Court of Civil Appeals of Texas. San Antonio.

Nov. 1, 1933.

P. C. Sanders, of San Antonio, for appellant.

Leonard Brown, of San Antonio, for appellee.

SMITH, Justice.

Appellee, S. C. Cain, Jr., is constable of precinct No. 7, in Bexar county, and appellant, John F. Onion, is justice of the peace of precinct No. 1, in said county.

Cain went out of his own precinct into that of Onion and there arrested one Johnnie Klevenhagen for (then and there) violating a state traffic law.

Cain filed and prosecuted charges in appellant's court against Klevenhagen, who was found guilty and subjected to a fine of $1 and costs, which included items earned by appellee as constable, aggregating $4.50.

In deference to an Act of the Forty-Third Legislature (Reg. Sess. c. 60, p. 128, approved April 3, 1933, known as H. B. 490 (Vernon's Ann. Civ. St. art. 3912b), and hereinafter adverted to), appellant, as justice of the peace, refused to include said items of cost in the bill of costs charged against Klevenhagen in the case.

Subsequently Cain brought this action in a district court for mandamus requiring Onion to assess and include said items in said bill of costs. From an order granting the mandamus, Onion has appealed.

The object of this proceeding was, ostensibly, to require appellant to assess certain items of costs against a named defendant in a certain criminal proceeding in appellant's court in the face of a provision in H. B. 490, supra, that "no precinct officer, unless with constitutional authority, shall receive a fee for any misdemeanor case arising outside of the precinct for which he was elected or appointed."

We have concluded, upon our own motion, that the right of appeal in the case does not lie in appellant, and that the appeal should therefore be dismissed.

The elemental and universally applied rule is that an appellate court can only correct errors injuriously affecting the party appealing; that such court cannot settle mere abstract questions; that the party appealing must show a direct and positive interest in the proceedings which may be injuriously affected and prejudiced by the judgment appealed from. 3 Tex. Jur. 1026, § 728; 3 C. J. pp. 629, 632, §§ 491, 493; 2 R. C. L. pp. 52, 53, §§ 33, 34; Elliott, App. Proc. § 135, 148; Davenport v. Hervey, 30 Tex. 308; Royal Neighbors v. Fletcher (Tex. Civ. App.) 230 S. W. 476.

Appellee based his right to mandamus upon the sole contention that H. B. 490 is unconstitutional, or at least that that portion thereof above set out is unconstitutional, and the trial judge sustained that contention.

Obviously, appellant can have no material interest in the judgment here appealed from, since it cannot affect or prejudice his rights. Neither affirmance nor reversal of that judgment can put any liability upon him, except for costs, which item is not jurisdictional here.

The only person whose interest may be directly or positively affected injuriously by the judgment is Klevenhagen, who is not a

party to the suit. Appellant's only interest, therefore, as admitted in his brief, is in the abstract question of law sought to be determined by the appeal. Such interest alone does not give him the right of appeal.

Appellee has not pursued the case into this court or prosecuted here the contention, made by him below, that H. B. 490 is invalid. But appellant has himself assumed that burden for appellee, for his brief in this court is nothing less than a brief for appellee; his whole contention here being identical with that made by appellee below, to wit, that the act in question is invalid (and for the very reason urged by appellee below). Appellant's position on this appeal, therefore, is, in effect, simply that the judgment from which he appeals should be affirmed.

This position of appellant affords these additional grounds for dismissal: First, it discloses the absence of any controversy between appellee and appellant; and, second, it is so flagrantly inconsistent as to exclude consideration of it on appeal.

The appeal is dismissed.