OGDEN *v.* PULASKI COUNTY.

4-3474

Opinion delivered May 28, 1934.

*Brickhouse & Brickhouse,* for appellants.

*Carl E. Bailey* and *Murray O. Reed,* for appellee.

BUTLER, J. On January 9, 1933, plaintiffs in the court below filed a claim with the Pulaski County Court for $13,-299.31, and asked that the same be paid out of the county turnback fund accruing to the county under the provisions of act No. 63 of the Acts of 1931. This is the identical claim that was before this court in the case of *Ogden* v. *Pulaski County,* 186 Ark. 337, 53 S. W. (2d) 593. The county court disallowed the claim, and, on appeal to the circuit court, the action of the county court was sustained, the court finding that the action was founded on the same contract and for the same debt involved in a former action between the same parties which was adjudicated on appeal to the Pulaski Circuit Court in favor of the defendant, Pulaski County, and affirmed by this court; that in the said former action it was found that the contract and claim was valid, and there was a subsisting indebtedness

for the amount claimed, but that the expenditures by the county for the year in which the claim was filed were in excess of the income for said year, and the claim was therefore void because within the inhibition of amendment No. 10 of the State Constitution; that at the time of the former trial there existed in the county treasury a fund known as the county general road fund, and another known as the county highway turnback fund in which was deposited only gasoline taxes accruing to the county by virtue of the provisions of act No. 63, *supra*, and that the claim of plaintiffs is *res judicata*.

It is insisted by the plaintiffs on appeal that, while this action is between the same parties as was the former, it is upon a different demand or cause of action; that the present claim was not within the issues of the former action, and that there was no judgment on the merits of the cause. In developing this contention, and in support thereof, appellant argues that the improvement made was on a farm-to-market road, payment of which was proper to be made out of the county turnback fund under the provisions of act No. 63, *supra*, and especially so because the contract for the improvement made between the appellants and the county did not specify any particular fund out of which payment was to be made.

They insist that the only question raised and settled in the former suit was whether or not payment of the money due out of the county general road fund would violate Amendment No. 10 to the Constitution, and that this suit, unlike the former, is not a suit against the county general road fund, but one against the turnback fund, and presents a different question than the one formerly adjudicated.

We are cited to a number of cases of our own court and to those of courts of other jurisdictions to sustain the doctrine that a former judgment, to be a bar to a later proceeding, must have been a decision on the merits of the cause between the same parties or their privies and the point of controversy in the latter case must have been within the issues in the former. We think this rule well established, but cannot agree with the appellant that the

point involved in the instant case was not within the issues raised in *Ogden* v. *Pulaski County, supra,* or that the merits of the case were not there considered.

It appears that the court found upon the testimony adduced that the contract was valid, and that the claim represented a subsisting indebtedness, but was uncollectable because of constitutional inhibitions. The agreed statement of facts discloses that at the time of the institution of the first suit all the revenue accruing to the county for road purposes was carried in one fund, denominated the county general road fund, a part of which was a donation from the State to the county commonly known as "turnback fund." While the suit was still pending, however, the turnback fund was taken out of the general road fund and carried on the books of the county in a separate account. The turnback fund was capable of being segregated at any time, and, as we have seen, this was actually done during the pendency of the suit, and the question whether the claim could be paid out of this fund was a matter properly belonging to the controversy, and therefore was within the scope of the issue. Although this question was not formally litigated in the first action, it might have been, and the judgment holding that the question was *res judicata* was correct. It is the general rule, which has been frequently announced by this court, that the parties to an action are bound to make the most of their case or defense and that a judgment of a court of competent jurisdiction operates as a bar to all questions in support of the cause or the defense, either legal or equitable, which were, or could have been, interposed in the case. This rule was reaffirmed in the recent case of *West Twelfth Street Road Imp. Dist. No. 30* v. *Kinstley, ante* p. 126, in which a number of cases supporting the rule were cited.

It is therefore ordered that the judgment of the trial court be affirmed.