KINION v. ROARK.

4-4463

Opinion delivered December 14, 1936.

*C. M. Rice* and *Clyde T. Ellis,* for appellant.

*Byron Roark,* for appellee.

BUTLER, J. On December 11, 1931, a donation certificate was issued to the appellant, L. R. Kinion. On July 13, 1933, a donation certificate covering the same land was issued to the appellee, Byron Roark, who immediately entered into possession of the property and brought two separate contests before the Commissioner of State Lands seeking to cancel the appellant's certificate of purchase, but failed in both and, in the last, his own certificate was ordered canceled. However, he remained in possession of the property. Notwithstanding this, a donation deed was executed to the appellant on March 20, 1935. Previous to the issuance of this deed, to-wit, on October 12, 1933, the appellant brought suit in the chancery court alleging the forfeiture of the lands to the state, the issuance to him of a certificate of donation; that he immediately went into possession of the property, erected certain improvements thereon and inclosed about one-half of the tract of land; that he and his family resided in said residence until it became necessary for him to find employment elsewhere in order that he might support his family and continue the development of the lands donated; that he left the property temporarily with no intention of abandoning the same; that thereafter the appellee procured a certificate of donation and took possession of the property in appellant's absence under a void donation certificate. He prayed that appellee's certificate be canceled and possession of the property be awarded to him.

To that complaint the appellee made answer, denying its allegations and alleging that his entry on the lands was under lawful authority of his donation certificate. He denied appellant's right to possession and prayed that the complaint be dismissed and for his costs.

On December 17, 1934, the trial court entered a decree in which it was recited that the defendant appeared and announced ready for trial and that plaintiff appeared by his attorney, who announced that he had written his client a number of times, but could not hear from him:

that the cause was submitted to the court upon the pleadings and testimony and that, after hearing all the testimony, the court found that Kinion, after having obtained his donation certificate, moved on the lands and made some improvements, that he abandoned the same about June, 1932, and has not since that date resided on the lands or made any further improvement thereon. The court further found that Roark entered upon possession of the lands under donation certificate dated July 13, 1933, and has been in the actual, open, peaceable possession of said lands therefrom; that no one except Kinion had attempted to claim any interest in the same; that he (Kinion) has not been in possession of the lands and has not used any diligence in the prosecution of his suit; that more than three years has passed since Kinion filed his donation, and "that his suit is (dismissed) by the court for want of jurisdiction." The court then decreed that the suit should be dismissed and that Roark have judgment for his costs.

No appeal was taken from this decree, but on March 28, 1935, the appellant brought the present suit in ejectment against the appellee alleging that he was the lawful owner of the lands. This claim was based upon the issuance of the donation certificate to him on December 11, 1931, his entry upon the lands thereunder, the erection of improvements on the lands, the residence of his family and himself until he was forced to leave temporarily for the purpose of obtaining employment to enable him to continue improvement of the place and "specially to obtain funds to enable him to fence said land since it had become legal for stock to run at large in this territory"; that he left his house locked with most of his personal belongings and household furniture therein. He further alleged the wrongful entry of appellee on the lands under an illegal donation certificate and his being prevented from again entering upon the lands and taking possession by appellee's wrongful conduct. He further alleged the contests filed by appellee and the result thereof, and that on due proof submitted the Commissioner of State Lands issued to him a donation deed on March 20, 1935. He also

alleged certain damages to the property and prayed that he recover judgment therefor and for the rental value of the property and for writ of possession.

Appellee answered denying specifically the several allegations of the complaint and alleging, by way of cross-complaint, that he was advised by the land commissioner previous to the date of his donation certificate that the lands were subject to donation; that said land was lying unoccupied for a long time before the date of his certificate; and that, on obtaining same, he immediately moved on the lands and has been in the actual possession since and now is in such possession. He alleged that he has placed valuable improvements upon the property in the sum of $500 which neither the land commissioner nor any one else has offered to pay; that the donation deed to appellant on March 20, 1935, was procured by fraud in that neither appellant nor his family had resided on the lands since the early part of 1932; and that he did not have the lands surveyed or make the improvements required by law. In addition, appellee pleaded the decree of the chancery court of October 12, 1933, in bar of appellant's present action, and moved that the cause be transferred to chancery and that appellant's suit be dismissed; or, in the event this not be done, that he have judgment for improvements and satisfaction thereof before a writ of possession be awarded.

Appellant filed answer to the cross-complaint and made specific denials of its allegations. The cause was transferred to the chancery court where evidence was adduced by both parties, including the decree of the chancery court pleaded in bar with the complaint and answer in that proceeding.

On January 19, 1936, the trial court rendered its decree and made certain findings of fact, among which were those relating to the previous suit filed in the chancery court by the appellant, including the following: "* * * that this suit had been set for hearing several times and the defendant failed to appear and that finally the cause was, on the 17th day of December, 1934, heard by the chancellor and decided against the plaintiff and

his cause dismissed." The court further found "that L. R. Kinion had not complied with the law and had no right or title to said land, and the court also found that the donation certificate which the Land Commissioner (issued) gave Roark no title or right to this land, but Roark had the actual possession of same and that he could not be ousted by Kinion, and that the complaint of the plaintiff should be dismissed, and that the cross-complaint of the defendant should be dismissed." Appeal by both parties.

The evidence as to the action of appellant after his entry under his donation certificate of December, 1931, and the duration of his possession thereunder is in conflict. We think the preponderance of the evidence established the fact that he remained in possession only a few months and that he made improvements of but little value. He became dissatisfied because of the passage of a stock law and moved to Oklahoma, or, if not there, completely away from that community, and did not return until some time in 1933 when he camped one night on one corner of the property, but not with his family. He came back later and had some conversation with Roark relative to the possession of the property. He claimed that when he left the house was locked with his personal and household effects within. There is evidence contradicting this to the effect that the house was deserted and open and nothing was left in it. Kinion's own action also renders his statement doubtful for it is unlikely that one would have left his property without returning for so long a time as indicated by the evidence.

Section 6677 of Crawford & Moses' Digest requires an actual residence upon the land donated for a period of three years from the date of the donee's entry. Therefore the declaration of law to the effect that Kinion had not complied with the law and had no right or title to the lands is amply justified by the evidence.

The appellant contends that the decree of October 12, 1933, was not an adjudication of the issues involved in the instant proceeding. This is doubtless based upon the rule that the dismissal of a cause for want of prose-

cution is not a judgment on the merits so as to bar a subsequent action. It is true that the trial court, in its decree of October 12, 1933, found that appellant's suit should be dismissed for want of prosecution, but the language of a decree must be construed with reference to the issues involved and the facts upon which the decree is based. *Nakdimen* v. *Brazil,* 137 Ark. 188, 208 S. W. 431; *Fawcett* v. *Rhyne,* 187 Ark. 940, 63 S. W. (2d) 349.

We have set out an abstract of the pleadings and the decree pleaded in bar because it is evident, when these are considered, the issues in the first case were identical with those of the instant proceeding. The trial court did not dismiss without a hearing on the merits. Testimony was adduced and declarations of fact were made. A former judgment, to be a bar, must have been a decision on the merits of a cause in a proceeding between the same parties or their privies, and the points in issue must have been the same. *Cooper* v. *McCoy,* 116 Ark. 501, 173 S. W. 412; *Ogden* v. *Pulaski County,* 189 Ark. 341, 71 S. W. (2d) 1052. The incidents attending the decree of October 12, 1933, bring it within the rule that where the parties and issues are the same and the case is disposed of on its merits that adjudication will be a bar to a later proceeding.

We conclude that on either proposition the decree of the chancellor was correct both as to decree dismissing the complaint and cross-complaint, the result of which was the finding that both appellant and appellee were without equity; that neither had title to the land and the court simply left them as it found them.

Decree affirmed.