WILLIAM A. BOWLES *vs.* ROBERT M. DANNIN, JUDGE OF PROBATE.

DECEMBER 5, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an appeal by Robert M. Dannin, judge of the probate court of the city of Newport, from a judgment of the superior court, on a petition for a writ of mandamus, commanding the appellant as judge of the probate court to issue forthwith a citation to William Greenough and others to deliver to the probate court the last will and testament of Lucy Wortham James, late of Newport, deceased.

The appellee, William A. Bowles, has argued that said appeal be dismissed on the ground that the appellant is not an aggrieved party within the meaning of general laws 1923, chapter 339, sec. 25, and therefore he has no right of appeal. The appellant contends that as a party respondent to the

petition for mandamus he must necessarily be entitled to appeal. He contends further that since he, as probate judge of the city of Newport, is charged with the responsibility of faithfully conducting the duties of his office in strict conformity with the law, he is deeply concerned that his decision be sustained as being in accordance with law, and hence he is an aggrieved party within the meaning of sec. 25.

We cannot agree with either of these contentions of the appellant. They rest upon a mistaken belief that a judge has a legal interest in having his decisions upheld on appeal. We say this is a mistaken belief, because as a matter of law it is of no concern to him whether the appellate court agrees or disagrees with his decision. He has no duty either to himself or to the public to persuade the appellate court that his decision is correct. He has discharged his full duty when he has carefully and conscientiously considered the matter presented to him and has decided it according to his knowledge of the law. If a party is aggrieved by the decision made by the judge in the exercise of his judicial functions, such party, by taking proper proceedings, may have the decision reviewed by the appellate court.

In the instant case it is true that it is not a decree of the probate judge which he is seeking to have sustained on appeal. Rather he is appealing from a judgment of the superior court, commanding him to perform a certain act which that court has determined is incumbent upon him under the statute. G. L. 1923, chap. 361, sec. 5. Prior to the bringing of the petition for mandamus in the superior court by the appellee, the appellant had decided, in another proceeding brought by the appellee for the same purpose in the probate court, that the appellee had no right to have the citation issued to William Greenough and others to deliver the will of Lucy Wortham James into court. And the appellant now desires to contend on this appeal that his decision in that proceeding was correct and that the superior court was in error in issuing its writ of mandamus commanding him to

do that which he had previously decided he would not do. Essentially, therefore, the appellant's position is the same as if he were defending his decision on an appeal therefrom to the superior court. The fact that he is named as a party respondent in the mandamus petition does not give him a right to appeal. He must be a party aggrieved, either personally or in an official capacity as a representative of the public.

We have found no case in which a judge has been recognized as an appellant in a matter involving the exercise of his judicial functions. However, certain cases have been cited to us by the appellant upon which he relies in support of his right of appeal. *Burke* v. *Gullege*, 184 Ark. 366, 42 S. W. (2d) 397; *Moore* v. *Muse*, 47 Tex. 210; *Kenney* v. *Prendergast*, 153 N. Y. (App. Div.) 325, 137 N. Y. S. 1097; *State ex rel Durner* v. *Huegin*, 110 Wis. 189, 219, 223; *State ex rel Kelly* v. *Justices of Moore County*, 24 N. C. 430.

After careful consideration of these cases, we are clearly of the opinion that none of them are in point here. In so far as they may seem to touch the instant case in some particulars, it is apparent that they either rest on the existence of a personal or representative interest in the appellant or on some construction of the term interest, which is too broad to come within the meaning which this court has given to the term "aggrieved party" under our statute. *Tillinghast* v. *Brown University*, 24 R. I. 179.

On the other hand, there are a number of cases where a judge, or a quasi-judicial tribunal in the performance of quasi-judicial functions has been expressly denied the right of appeal under circumstances more nearly similar to the instant case. *Onion, Justice of the Peace* v. *Cain*, 64 S. W. (2d) 418, (Texas Civil Appeals); *People ex rel Breslin* v. *Lawrence, J.*, 107 N. Y. 607; *McCloskey* v. *Renfro*, 47 Ariz. 534, 57 Pac. (2d) 1140; *Kirchoff* v. *Board of County Commissioners*, 189 Minn. 226; *Lansdowne Board of Adjustment's Appeal*, 313 Pa. 523.

In *Onion, J. P.* v. *Cain, supra,* the Texas court of civil appeals on its own motion held that an appeal by a justice of the peace did not lie from an order of the district court in mandamus commanding him to include certain costs in the bill of costs of a case brought before him by a constable of another precinct, which costs the appellant had held to be unlawful. "Obviously", the court said, "appellant can have no material interest in the judgment here appealed from since it cannot affect or prejudice his rights. . . . Appellant's only interest, therefore, as admitted in his brief, is in the abstract question of law sought to be determined by the appeal. Such interest alone does not give him the right of appeal."

The New York court of appeals, in *People ex rel Breslin* v. *Lawrence, J., supra,* held that a justice of the supreme court had no right of appeal from an order of the general term reversing his decision in a *habeas corpus* proceeding remanding the relator to custody, for the reason that the reversal of his decision affected no substantial right of the justice or of any person of whom he was the personal representative. And in a later case, *People ex rel. Burnham* v. *Jones,* 110 N. Y. 509, the same court, upon its attention being called to the *Breslin* case, distinguished it from the case then before it by observing: "There Judge Lawrence simply decided that the relator was not illegally detained in custody and he had no further duty to perform. He was no more bound to see that he was kept in custody than any other citizen. He was not hindered by the order appealed from in the discharge of any duty or the exercise of any power conferred upon him by law. Hence he had no more interest or right to appeal than any judge whose decision has been interfered with or reversed."

In *McCloskey* v. *Renfro, supra,* it was held that a justice of the peace had no right of appeal from the decision of the county court vacating and annulling a judgment of his court. There the supreme court of Arizona said: "The jus-

tice of the peace who rendered such judgment is not an aggrieved party. Section 3658, Rev. Code 1928. He has no property or financial interest in the litigation and the way the case was decided is a matter of absolute indifference to him as a presiding judge. . . . We know of no rule of law that will permit a judge whose judgment is annulled or vacated to become a party to the action and prosecute an appeal. Doubtless many of the judges on occasion would like to appeal, but this is the first time we have known of one doing so."

The cases of *Kirchoff* v. *Board of County Commissioners, supra,* and *Lansdowne Board of Adjustment's Appeal, supra,* are not cases affecting a judge but rather administrative boards acting, however, in a judicial capacity. In the former case the Minnesota supreme court, denying the board's right of appeal from a decision of the district court, reversing its decision in the matter of a transfer of certain land from one school district to another upon petition of the landowner, said: "The county board, prosecuting this appeal, as far as the record shows, has no interest in the litigation and is not an aggrieved party. The board is the tribunal designated by statute to hear the petition and pass upon it in the first instance. The litigants are the petitioner and the school districts affected. A court or tribunal before whom a controversy is litigated has as such no appealable interest in the matter . . . . Public boards and officers cannot appeal or sue out writs of error if they have no interest or are not aggrieved either in their official or individual capacity."

In the *Lansdowne* case the Pennsylvania supreme court quashed the board's appeal from an order of the court of common pleas which had reversed the board's decision in a zoning case, and said: "It is clear, however, that the board of adjustment, as a board, has not been and cannot be injuriously affected by the order, and hence has no standing to appeal. It might just as well be claimed that an auditor or master could appeal from a decree of the court sustaining exceptions to his report."

We have discussed the above cases in order that it might appear more clearly how great is the weight of authority against the right asserted by the appellant in the instant case. There is nothing in this case which would justify distinguishing it from those last cited and discussed. The probate judge is entirely without any interest, personal or representative, sufficient to make him an aggrieved party. An aggrieved party has been held by this court to be one who "is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. L. & P. 633. The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation." *Tillinghast* v. *Brown University, supra.* And later in *Hall* v. *Burgess,* 40 R. I. 314, the *Tillinghast* case was followed and approved, the court remarking, at page 319, "We see no reason for criticising or modifying the language employed in the decision of that case. It means that a person to be aggrieved must be one who has an actual and practical, as distinguished from a mere theoretical, interest in the controversy."

But the appellant makes a still further contention in support of his right of appeal in mandamus. Possibly conceiving the precedents to be against him, he argues nevertheless that on reason and in the furtherance of final adjudication by this court of cases of this kind originating in the superior court, the probate judge should be recognized as having a special right of appeal; otherwise he contends it may be impossible ever to appeal a judgment in mandamus by the superior court favorable to the petitioner for the writ. In his brief he argues: "Mandamus more than in any other case issues against public officials. There is no reason why such an order issued against a judge who deals necessarily with personal and property rights should be exempted from appeal. If the right of appeal in mandamus cases under our general statute be denied to such an official, it is without justifica-

tion and necessarily takes away the right to a review by the supreme court of matters virtually affecting not only the action of the lower court, but vital questions of property and personal rights."

We cannot agree with this argument and we do not apprehend that any real denial of the right of appeal will occur. Any party who may be aggrieved by the issuance of the writ will not be prevented from intervening in such proceedings and taking an appeal if his personal or property rights are involved; but we cannot conceive of the probate judge as the guardian in any sense of such a party and authorized to act as a representative of such a party to prosecute his right of appeal, particularly if such a party neglects or declines to enter the proceedings below and makes no effort to enter them here.

*Ruerat* v. *Cappelli,* 188 A. 637 has been cited in support of the appellant's contention but there is nothing in that opinion that justifies such citation.

· The hearing of this cause included the hearing of the petitioner's motion to dismiss the appeal of the respondent from an order of the superior court entered on the 9th day of August, 1938 appointing a temporary receiver.

For reasons set forth in the foregoing opinion said motion to dismiss is granted and said appeal is dismissed.

The appeal from the judgment of the superior court is denied and dismissed, said judgment appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Cornelius C. Moore, Charles H. Drummey,* for petitioner.

*Francis I. McCanna,* for respondent.

*Sheffield & Harvey, William R. Harvey, Tillinghast, Collins & Tanner, amici curiae.*