WALSH *v.* SERRETT, ADMINISTRATOR.

4-8106                                    200 S. W. 2d 323

Opinion delivered March 17, 1947.

*U. J. Cone,* for appellant.

*Thomas Compere* and *George Norman,* for appellee.

McHANEY, Justice.  In *George v. Serrett, Adm.,* 207 Ark. 568, 182 S. W. 2d 198, we held that the appellants, who had received a distributive share of the estate of B. F. George and had executed a receipt or release in full to the administrator, were barred from maintaining an action, in the chancery court, probate court, or any other court, seeking to compel the administrator to account, in the absence of fraud by the administrator in the procurement of such release.  We there said: "Five years, lacking only a few days, intervened between the date appellants executed the receipt and release and the date of the institution of this suit.  In the meantime, to-wit, on January 16, 1941, G. Percy George died.  During the four years and six months which intervened between the execution of the releases and the death of G. Percy George, appellants took no action to set aside the release or reopen the case."  It was conceded in that case that "the allegations of fraud are directed against G. Percy George and not against Serrett," he being a brother of decedent, B. F. George.  It was there further said: "Certain it is that no fact was developed by this belated investigation,

and offered here in support of the allegation of fraud, which could not have been as readily developed by a similar investigation made at any time between the date of the release and the date of the death of G. Percy George.

"Jurisdiction of a court of equity is here invoked to relieve against fraud alleged to have been committed by a man four and one-half years before his death. During all that time appellants remained silent although every fact which is now offered in evidence was known, or could have been easily ascertained long prior to such death. It appears that G. Percy George was the only person connected with appellees who was familiar with the entire matter. The loss of testimony is a material circumstance in enforcing the equitable doctrine of laches." Citing cases. The decree was accordingly affirmed.

The present action seeks, in the probate court, an accounting and distribution by the administrator. Appellee pleads this former adjudication in bar of the action. The trial court sustained the plea, dismissed the action.

The parties to this action are the same as in the former appeal. The same relief is sought here as there, or it could and should have been. In the very recent case of *Lillie* v. *Nunnally, ante,* p. 202, 199 S. W. 2d 751, we quoted the following from *Ogden* v. *Pulaski County,* 189 Ark. 341, 71 S. W. 2d 1052: "It is the general rule, which has been frequently announced by this court, that the parties to an action are bound to make the most of their case or defense and that a judgment of a court of competent jurisdiction operates as a bar to all questions in support of the cause or the defense, either legal or equitable, which were, or could have been interposed in the case."

The judgment so held, and is, accordingly, affirmed.