URSERY v. NIEHUSS, ADMR.

4-8766                                  217 S. W. 2d 848

Opinion delivered February 28, 1949.

*John Hardin Wright* and *L. L. Mitchell,* for appellant.

*J. H. Lookadoo,* for appellee.

GEORGE ROSE SMITH, J. In 1941 these appellants brought a suit against O. K. Barringer and others to quiet title to the land now in controversy. By agreement the case was set for trial on April 6, 1942. Some of the appellants appeared at the courthouse on the date for trial and became disturbed by the absence of the attorney then representing them. They were told by the clerk and a bystander that the case would not be tried that day, but nevertheless they drove to the city of their attorney's residence and conferred with him. He assured them that he was looking after the matter and that the case would not be heard that day.

In fact the case was called for trial. The court dismissed appellants' complaint for want of prosecution and heard the evidence adduced by Barringer to support his cross-complaint. A decree was entered quieting title in Barringer, on the basis of tax payments for fifteen years upon wild and unimproved lands.

No further action was taken until appellants filed this suit in 1947 against the administrator of Barringer's estate. The complaint sets out the appellants' original claim of ownership and details the circumstances attending the entry of the 1942 decree. The prayer is that the earlier decree be set aside and that title be

quieted in appellants. After hearing testimony the chancellor dismissed the complaint. This appeal followed.

We are not certain whether this is intended to be an independent suit or an attempt to vacate the decree for unavoidable casualty pursuant to Ark. Stats. (1947), § 29-506. In either case the trial court's decree is correct. If we treat the case as a new suit, then the appellee's plea of *res judicata* was properly sustained, there having been a trial on the merits in 1942. *Kinion* v. *Roark,* 193 Ark. 321, 99 S. W. 2d 249. And under the statute the complaint is defective in that it is not verified and does not state a meritorious defense to Barringer's cross-complaint. Nor did the proof below establish unavoidable casualty, as it was not shown that the failure of appellants' former attorney to attend the trial was occasioned by an excusable cause. If his absence were due merely to neglect, of course the appellants would be bound by the consequences of his carelessness. *Blackstad Merc. Co.* v. *Bond,* 104 Ark. 45, 148 S. W. 262. Consequently the burden of proof was not sustained, no matter how charitably we view the pleadings.

Affirmed.